JUPE v. JUPE.

No. 32339. Jan. 7, 1947.

*175 P. 2d 976.*

A. K. Little and Ross Lillard, both of Oklahoma City, for plaintiff in error.

Whitten & Whitten, of Oklahoma City, for defendant in error.

CORN, J. This is an appeal by defendant, Frank T. Jupe, from a judgment rendered by the district court of Oklahoma county, in an action by plaintiff, Gladys C. Jupe, seeking divorce on

the grounds of nonsupport, and asking in lieu of alimony and child support that the plaintiff be given the entire equity in the parties' homestead.

The trial court granted plaintiff a divorce on the grounds of nonsupport, awarded her $500 alimony, and $1,500 as division of the property. Motion to dismiss this appeal was heretofore granted as to the divorce for defendant's failure to file notice of appeal, but the motion to dismiss was denied as to the alimony and property division features, which are the only matters to be considered herein.

Plaintiff brought suit for divorce alleging marriage in 1920 and the birth of one child, a daughter who was of age at the time of the trial. Gross neglect of duty was alleged, in that defendant had continuously failed to provide for plaintiff and the child, and plaintiff had been forced to work to defray necessary expenses, and had entirely maintained herself and child for three years prior to bringing of this action. Plaintiff also alleged the acquisition of a home during coverture and asked that she be decreed the equity therein, together with household goods likewise acquired during the marriage.

Defendant's answer and cross-petition admitted the marriage as alleged by plaintiff, and that he occupied as his homestead the real estate described, but asserted same had been purchased with funds received by inheritance and the proceeds of a mortgage loan.

By cross-petition defendant alleged plaintiff had abandoned and deserted him without cause some three years prior to filing of the action, and had refused to live with defendant and make a home for him.

Plaintiff's amended petition alleged she had supported their minor child from the date of separation in 1940 until the child became of age. Further, that the mortgage on the homestead had been foreclosed and the property sold for some $2,150 above the mortgage debt, and that defendant had lived in the home from the date of separation until that date (February 15, 1945). Defendant denied all allegations other than that he occupied the premises, and that the mortgage had been foreclosed.

May 10, 1945, the trial court granted plaintiff's petition for divorce, finding defendant guilty of gross neglect of duty, and denied defendant's cross-petition. The court further found the property had been acquired by their joint efforts, but had been foreclosed and sold, and some $2,050 remained in the hands of the sheriff from such sale. The plaintiff was granted divorce, alimony of $500, payable $30 per month, and $1,500 as division of the property. The defendant was ordered not to withdraw any funds in the sheriff's hands pending final disposition of the foreclosure appeal.

As heretofore pointed out, we are concerned only with that portion of the trial court's judgment awarding plaintiff alimony and the division of the property (the equity after foreclosure). In asking reversal of this judgment the defendant presents five propositions. The first of these is based upon the claim that the judgment rendered is contrary to the weight of the evidence. The second is that the homestead property was acquired out of money the defendant received by inheritance before marriage, and that the remainder left after the foreclosure was defendant's separate property and not subject to division by the trial court. These two contentions may be considered together.

The evidence reflects the parties married in May, 1920, and the home was purchased shortly thereafter. Payments on a mortgage loan placed on the premises were defaulted in 1942, and the mortgage was later foreclosed. The record definitely shows that, other than for intervals at and after the birth of their child, and also during a period of about three years when the parties lived in another city, the plaintiff worked and contributed her earnings to the common

funds from which the family lived, throughout her married life. It is apparent from the record that such a course was made necessary by reason of the fact that the defendant's income a great portion of the time was insufficient to meet the actual needs of the family.

Defendant testified he purchased the home with money received from his army bonus and from inheritance, between $2,000 and $2,500 in amount. Defendant's theory seems to be that, inasmuch as these funds were used in purchasing the property, any equity existing in the property at the time of the trial resulted solely from the payments he had made from what he asserts was separate property. This argument wholly ignores the fact that plaintiff's earnings over a period of 22 years were contributed to the common fund, and that payments were made on these premises during all this time. The record amply supports the trial court's holding that the property was jointly acquired, and that the equity remaining after foreclosure was not defendant's separate property.

In actions of equitable cognizance we will examine the record and weigh the evidence, but will not disturb the judgment unless it be found to be clearly contrary to the weight of the evidence. Clemons v Clemons, 193 Okla. 412, 145 P. 2d 928; Greer v. Greer, 194 Okla. 181, 148 P. 2d 156.

Defendant's third contention is that jointly acquired property must be equitably divided between the parties, and not awarded to one party. The parties owned certain household goods, in plaintiff's possession, and the money held by the sheriff, representing the equity in the home remaining after foreclosure of the mortgage. Defendant urges that when the trial court awarded plaintiff alimony in monthly installments the effect was to make an award of alimony payable out of this residue, the balance thereof then being awarded plaintiff in the property division, thus constituting an unjust and inequitable division of jointly acquired property, since these items approximated the sum realized as the equity in the home after foreclosure.

This argument is unsound in view of the fact that any judgment for alimony would stand against defendant's future earnings even though no amount had remained after the foreclosure, since is established that alimony may be based upon future earnings, even though the husband has no estate. See Matthew v. Matthew, 186 Okla. 245, 96 P. 2d 1054, 139 A.L.R. 202. Likewise, and as was proper, the trial court undoubtedly considered defendant's ability to pay because regularly and gainfully employed. See Reed v. Reed, 182 Okla. 149, 77 P. 2d 30.

It is clear that the amount awarded plaintiff in division of the property (mortgage equity money) approximated three-fourths to the plaintiff and one-fourth to defendant. We have held that where a divorce is granted the wife for fault of the husband, the trial court should make an equitable distribution of the joint property, but an equitable division does not necessarily mean an equal division, but a division which is just and reasonable in view of the circumstances. Nelson v. Nelson, 175 Okla. 275, 52 P. 2d 786; Hughes v. Hughes, 177 Okla. 614, 61 P. 2d 556; Coleman, v. Coleman, 180 Okla. 574, 72 P. 2d 369; Burtrum v. Burtrum, 184 Okla. 61, 84 P. 2d 598; Boles v. Boles, 194 Okla. 261, 149 P. 2d 502.

The evidence shows that during the years of the marriage plaintiff worked to relieve financial burdens and to aid in maintaining herself and the child. Defendant's own testimony showed that during the last three years of the marriage while the parties were living apart, he contributed only $30 toward the care and welfare of his child. In view of all the circumstances we conclude that the division as made by the trial court was not an abuse of discretion, but entirely justified under the record.

Defendant next contends that a wife

who elects to remain apart from her husband is not entitled to alimony. Supporting this argument defendant relies upon decisions of this court to the effect that where a wife remains apart from the husband without reasonable cause for abandonment the husband cannot be required to contribute to her maintenance. See Swanda v. Swanda, 105 Okla. 160, 232 P. 62.

To support this argument defendant urges that although his own income might have been insufficient for support of his family during the three years separation prior to this action, the evidence showed the parties combined income had been sufficient to maintain the home in years past, and there was no evidence to show it would not have been sufficient during the time of the separation. Hence, defendant argues that plaintiff's separation from him was voluntary and plaintiff should not be permitted to add to her income by demanding alimony.

In view of the evidence, which established that plaintiff had to work regularly to assure support for herself and child, we will not hold that plaintiff's separation from defendant and maintenance of a home for herself and the child near her place of work constituted a voluntary abandonment as contemplated under the rule laid down in the Swanda Case, supra. Faced with the constant necessity of providing the necessities of life for herself and child, the plaintiff's actions in this respect are to be commended rather than criticized.

Defendant's final contention is that alimony is only allowable to the extent the wife's necessities require, and since plaintiff testified she had supported herself from her income for more than three years, and there being no showing her income was inadequate for this purpose, no alimony should have been allowed.

The evidence shows defendant to be regularly and gainfully employed by a responsible concern, while plaintiff supports herself by working in a cafe. Her employment has, at all times, been made necessary in order to discharge the burdens imposed by defendant's constant failure to provide for his family.

We have consistently held that the allowance of alimony out of the husband's property is within the discretion of the trial court. Kupka v. Kupka, 190 Okla. 392, 124 P. 2d 389. And, the granting of alimony rests in the trial court's sound judicial discretion in view of all circumstances, which include the wife's condition and means, and the *conduct of the parties*. McCarty v. McCarty, 193 Okla. 18, 141 P. 2d 103. The rule so announced is particularly applicable to the facts herein considered.

Judgment affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, DAVISON, and ARNOLD, JJ., concur.