177 P.2d 227

**ANDERSON v. ANDERSON.**

No. 4883.

Supreme Court of Arizona.

Feb. 10, 1947.

Dodd L. Greer, of Holbrook, for appellant.

Guy Axline, of Holbrook, for appellee.

STANFORD, Chief Justice.

Appellee brought her action for divorce in the Superior Court of Navajo County, alleging that she and appellant inter-married in Gallup, New Mexico, on the 4th day of January, 1942; the amended complaint for divorce was filed on the 27th day of August 1945.

By the amended complaint, the appellee asked, in addition to divorce, the sum of $100 per month as alimony; attorney's fees and costs, and for a division of the community estate of the parties to the action. No children were born as issue of the marriage.

The judgment of the court awarded appellee two parcels of property, all house-

hold furnishings, the sum of $75 per month as and for support and maintenance, and certain bonds.

The court awarded appellant that certain business in Holbrook known as the "Holbrook Cleaners" also the Ford automobile.

By appellant's answer, he claimed that he owned as his separate property the cleaning business at the time he married appellee and purchased the two separate pieces of real property awarded to the appellee out of the earnings of said business.

From the judgment of the trial court appellant appealed to the court in part, to-wit: "From that portion of said judgment awarding the real and personal property therein described to said plaintiff, together with that portion of said judgment by which plaintiff was awarded the sum of $75 monthly", and appellant assigns as error by the trial court the awarding of the two pieces of real property to appellee, the same being his separate property, also the awarding of $75 monthly as alimony.

There are two sections of our code essential to be referred to in determining the issues herein. The first is Section 27-805, A.C.A.1939, which reads in part as follows: "Disposition of property—Decree may be made lien on separate property.—On entering a decree of divorce the court shall order such division of the property of the parties as to the court may seem just and right, according to the rights of each party and their children, without compelling either party to divest himself or herself of the title to separate property. The court may, however, fix a lien upon the separate property of either to secure the payment of any interest or equity that the other party may have in or to such separate property, or any equity that may arise in favor of either party out of their property during the existence of the marriage relation, or to secure the payment of an allowance for the support and maintenance of the wife or minor children of the parties. * * *"

Sec. 63-302, A.C.A.'39, the other section, reads: "Separate property—Separate earnings of wife and children.—All property, both real and personal, of the husband, owned or claimed by him before marriage and that acquired afterward, by gift, devise or descent, as also the increase, rents, issues and profits of the same, shall be his separate property, and all property, both real and personal of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, as also the increase, rents, issues and profits of the same, shall be her separate property. The earnings and accumulations of the wife and of her minor children in her custody while she has lived or may live, separate and apart from her husband, shall be the separate property of the wife."

Before marriage, appellee owned a small house and lot in Holbrook, which had an

income of about $13.00 per month. She also, during the marriage was employed at a salary of $125 per month. Appellant, before and during their marriage, operated what is known as "Holbrook Cleaners".

The matter that presents itself to us is, Are the two pieces of property involved and which were awarded to the Appellee and purchased out of the earnings of the Holbrook Cleaners separate or community property?

The appellant testified that he and his wife filed joint income tax returns, state and federal, and that they included therein his income from the cleaning establishment and his wife's earnings. He also testified that he devoted his entire time to the cleaning establishment; that he purchased the two lots which by the trial court were awarded appellee out of the earnings of the cleaning establishment. Based on these facts, the two lots so purchased would be community property.

The testimony further showed that one of these lots cost $500 and the other $265. Certain improvements had been made in the cleaning establishment by purchasing new equipment, which came out of community funds, and the court in the exercise of its discretion, was justified in setting over the business and additional equipment to the appellant. We hold that there was no abuse of discretion in the trial court awarding the two lots to the appellee, especially since the testimony shows that appellant ceased to live with her.

Under our Section 27-805 supra, the trial court was privileged to enter an order disposing of the community property as it seemed just and reasonable, including the right to set over to the wife community property.

In our case of Rundle v. Winters, 38 Ariz. 239, 298 P. 929, 931, we said: "Where either spouse is engaged in a business whose capital is the separate property of such spouse, the profits of the business are either community or separate in accordance with whether they are the result of the individual toil and application of the spouse, or the inherent qualities of the business itself. * * * When spouses have treated the income from their separate property as community, and it was their intent that it should become community, the character of the income changes in accordance with their intention." (Citing cases).

In our case of Re Torrey's Estate, 54 Ariz. 369, 95 P.2d 990, 993, we said: " 'Where either spouse is engaged in a business whose capital is the separate property of such spouse, the profits of the business are either community or separate in accordance with whether they are the result of the individual toil and application of the spouse, or the inherent qualities of the business itself. Lake v. Bender (Lake), 18 Nev. 361, 4 P. 711, 7 P. 74; In re Buchanan's Estate, 89 Wash. 172, 154 P. 129; Jacobs v. Hoitt, 119 Wash. 283, 205 P. 414.' * * * We think the inherent nature of the restaurant business is such that if it is

a success it is generally, if not always, due to the management. Proper food properly prepared and served are the things that attract and hold the trade. These services were rendered by the deceased and whatever accrued therefrom belongs to the community."

There can be no doubt that the inherent nature of the clothes cleaning business is like the restaurant business. Its success is due to the management and requires the attention of the owner of it.

We can accordingly see why the trial court came to the conclusion that the real property in question was community property. The property, of course, was acquired after marriage and carried with it the presumption that it was community property.

The next assignment of error for consideration is whether the trial court should allow alimony to appellee.

We see no justification in awarding the appellee $75 per month in view of the earning capacity of both of the parties and the fact that they had been married only approximately three years when the action for divorce was filed. The judgment was dated November 10, 1945.

Accordingly, it is the opinion of this court that the judgment of the trial court be affirmed in all respects except the allowance of permanent alimony and that the payment of same cease as of the date of this opinion. Costs shall be assessed to the appellant.

LaPRADE and UDALL, JJ., concur.