**Helen CONRAD, Plaintiff in Error,**

**v.**

**E. C. CONRAD, Defendant in Error.**

**No. 42680.**

Supreme Court of Oklahoma.

Sept. 16, 1969.

Rehearing Denied Feb. 3, 1970.

Loren McCurtain, McAlester, for plaintiff in error.

Richard L. Gossett, Stipe, Gossett & Stipe, McAlester, for defendant in error.

McINERNEY, Justice.

This appeal presents the question of whether, under the circumstances presented here, the wife is entitled to receive alimony based on the husband's future earning capacity. The sufficiency of the attorney fee allowed by the trial court is also challenged.

The parties were married on April 19, 1961. A divorce action was instituted by E. C. Conrad, as plaintiff, on December 12, 1966. The decree rendered on December 22, 1966, pursuant to a waiver filed by Helen Conrad, defendant, and an agreed property settlement, was vacated, after an extensive hearing, on January 16, 1967. The case was then set for trial. The court granted the defendant a divorce on her cross-petition. 12 O.S. 1961, § 1278. An extensive memorandum decision containing findings of fact and conclusions of law was filed by the trial court. The memorandum is very helpful to this court in resolving the questions now presented. The findings of fact are supported by the evidence and are approved.

The plaintiff is an osteopathic physician with a clinic and a pharmacy in Quinton, Oklahoma. The plaintiff's income has increased substantially since the advent of medicare. The court found that the plaintiff "had a gross income of almost $36,000.00 a year, and a potention income in excess of $36,000.00 per year." The defendant gave up her job as an Auditor-Class B with TWA at a salary of $406.69 per month, when the parties were married. She withdrew her retirement fund of $1,711.19 and contributed this sum to the common source for family purposes. The court found that "[I]t is unlikely, and extremely so, that she can procure her old job since she has dissipated her retirement payments. She will be handicapped in obtaining any job of the type and character she had before because of her age and lack of education and lack of skill. On the contrary the plaintiff should continue to progress financially."

■ The court found that the debts of the plaintiff equal or exceed the equity in all physical properties; that defendant has received in value more than one-half of any equity of the plaintiff in these properties, assuming certain contingencies. The division of the physical property is equitable and is affirmed. Bishop v. Bishop, 194 Okl. 209, 148 P.2d 472; McCoy v. McCoy, Okl., 429 P.2d 999.

The principal debt of the plaintiff is the mortgage indebtedness on the clinic and the pharmacy amounting to approximately $14,200.00. The other debts are insubstantial considering the finding by the court of a gross income of $36,000.00. The net earnings reported for income tax purposes, $3,169.97 in 1965 and $4,000.00 in 1966, do not detract from the fact of financial success.

■ The court concluded, as a matter of law, "[O]ther than as hereinbefore determined defendant is not entitled to any other sums by way of alimony, or otherwise, from the plaintiff based upon future earning capacity or on any services; this due in part to the fact that the plaintiff had acquired his education and had 20 years experience in his profession before the marriage of these parties." We hold, under the facts here, that this is error.

The earning capacity of the defendant was virtually destroyed by the marriage, while the earning capacity of the plaintiff was enhanced during this period. The plaintiff acquired a new practice, a clinic and a pharmacy in a new town. The defendant was, briefly, helping in the office and then tending to his children by a prior marriage while giving him the stability of a home. Her contribution as a wife to his present favorable situation is apparent. The defendant is entitled to an additional sum by way of alimony. Henley v. Henley, Okl., 428 P.2d 258; Mathews v. Mathews, 186 Okl. 245, 96 P.2d 1054, 139 A. L.R. 202.

The defendant is awarded, as alimony, the sum of $10,000.00 payable in such manner as the trial court determines is appropriate. The alimony awarded here may terminate upon the death or remarriage of the defendant in the discretion of the trial court. 12 O.S.Supp.1965, § 1289, as amended.

■ An attorney fee of $250.00 is inadequate in view of the record presented. The trial court may allow the wife a reasonable attorney's fee "considering the respective parties and the means and property of each". 12 O.S.Supp.1965, § 1276. What constitutes a reasonable fee is largely in the discretion of the trial court. Laster v. Laster, Okl., 370 P.2d 823. The attorney succeeded in vacating the original decree after a lengthy hearing, then prepared and tried the contested divorce case. The plaintiff, a successful osteopath, has ample means to pay a reasonable attorney's fee.

■ In approving a $500.00 attorney fee in 1952, involving no more property and considerably less "means", the court noted, in Noel v. Noel, 206 Okl. 16, 240 P.2d 739, on page 742, that "[P]laintiff himself began this action. Thereby he compelled the defendant to employ counsel and defend

himself against the charges made by plaintiff and to prosecute her rights." No less a fee in this case would be reasonable 17 years later. And defendant's attorney is entitled to an additional fee for services performed in connection with this appeal. Roberts v. Roberts, Okl., 357 P.2d 980, 983. We believe, all circumstances considered, that the plaintiff should pay an additional attorney's fee of $500.00 for his services in this case, including the appeal.

The judgment is reversed in part, and is remanded to the District Court for further proceedings.

All the Justices concur.