William Albert KENNEDY, Plaintiff in Error,

v.

Indaola Harbour KENNEDY, Defendant in Error.

No. 42279.

Supreme Court of Oklahoma.

Nov. 12, 1969.

Floyd L. Martin, Jr., Oklahoma City, for plaintiff in error.

Wayne L. Turpin, Oklahoma City, for defendant in error.

WILLIAMS, Justice.

This is an appeal from the alimony and child custody provisions of a decree of divorce entered in an action instituted below by defendant in error herein. On appeal, the parties will be referred to as they appeared in the trial court.

Plaintiff and defendant were married in 1935. At the time the action below was filed plaintiff was 47 and defendant 51 years of age. They are the parents of four children, two of whom were adults at the time the action herein was filed. The two minor children were a boy 12 years of age and a girl 8 years of age.

In her petition below, plaintiff sought the divorce on the ground of incompatibility. In his answer, defendant admitted the parties were incompatible but did not file a cross-petition seeking a divorce from plaintiff. At the conclusion of the trial, the court found that the parties were incompatible and granted plaintiff a divorce. Plaintiff was granted custody of the two minor children. The trial court also awarded plaintiff the family residence located in Oklahoma City (plaintiff to assume the indebtedness thereon), all the

household furnishings, a 1961 automobile, and alimony in the total amount of $12,100, payable at the rate of $100.00 per month for a period of 121 months. Defendant was awarded all his personal effects, a 1964 automobile, all retirement funds he had accumulated with his employer, the Veteran's Administration, and all insurance policies written on his life. Defendant was ordered to pay plaintiff $120.00 per month for the support of the two minor children and to assume and pay approximately $4,-300.00 of indebtedness incurred by the parties during marriage.

From the judgment of the trial court and an order overruling his motion for new trial, defendant appeals.

As indicated above, on appeal defendant questions only the child custody and alimony provisions contained in the judgment of the trial court.

█ Defendant contends that the trial court erred in granting the custody of the parties' 12-year-old son to plaintiff in view of the son's wishes, expressed at trial, to live with his father. To support this contention, defendant cites 30 O.S.1961, § 11, which provides:

"In awarding the custody of a minor, or in appointing a general guardian, the court or judge is to be guided by the following considerations:

1. By what appears to be for the best interests of the child in respect to its temporal and its mental and moral welfare; and if the child be of sufficient age to form an intelligent preference, the court or judge may consider that preference in determining the question.

2. As between parents adversely claiming the custody or guardianship, neither parent is entitled to it as of right, but, other things being equal, if the child be of tender years, it should be given to the mother; if it be of an age to require education and preparation for labor or business, then to the father."

In Davis v. Davis, Okl., 355 P.2d 572, 575, we stated:

"However, the whims, wants and desires of a minor child are not the criteria for determining which parent should be granted custody of a minor child, although the court or judge may consider the preference of a child who is of sufficient age to form an intelligent preference. In determining the custody of a minor child in a divorce case, this Court has consistently held the best interest of the child should be the paramount consideration, and where it does not appear that the trial court has abused its discretion, this Court will not reverse the order of the trial court."

In our review of the evidence, we have found no evidence other than that the plaintiff was a good mother. Until the parties' separation, she had maintained for approximately thirty years a home in which four children were reared. It is apparent that the 12-year-old son loved both his mother and father, but preferred to live with his father on the grounds that the latter could help him with schoolwork and that the mother made certain requirements of him relating to discipline, etc., which he considered somewhat unfair.

At trial, an adult son of the parties expressed his opinion that it was in the best interests of his 12-year-old brother that the latter's custody be awarded to plaintiff mother. Further, in defendant's own testimony, there are certain statements relating to his living conditions and to prior personal difficulties which would warrant the trial court in awarding custody to the mother.

After a review of all of the evidence submitted below, it is our opinion that the trial court did not abuse its discretion in awarding the custody of the 12-year-old son to plaintiff.

█ Defendant questions the trial court's award of alimony to plaintiff on two grounds. First, he contends there is no authority for an award of alimony "* * * where divorce is granted to the

complaining spouse only upon the sole ground of incompatibility." However, we have previously ruled that a trial court is justified in allowing alimony in such a case. See Chappell v. Chappell, Okl., 298 P.2d 768.

Secondly, defendant contends that the award of alimony in the total amount of $12,100 is excessive.

In Henley v. Henley, Okl., 428 P.2d 258, 260, we stated:

"There is no fixed percentage or rule available by which to measure or determine the amount of alimony or property to be awarded a party as each case depends on its own facts and circumstances; the allowance of permanent alimony and division of property rests within the sound discretion of the trial court, to be exercised in the light of all the surrounding circumstances, and such allowance and division will not be disturbed on appeal unless clearly against the weight of the evidence."

In the instant case, plaintiff, 47 years of age, had no training of any kind for a skill or profession and, at the time of the divorce, was earning a net monthly income of only $130.00. Defendant husband, 51 years of age, had a gross annual income of approximately $9,300, and could reasonably expect an increased income by continued employment with his employer. In addition, he had accumulated approximately $6,000 in retirement funds which he retained in the judgment granting divorce.

In view of all the circumstances herein, it is our opinion that the lower court's award of alimony to plaintiff in the monthly amount of $100.00 for 121 months, or a total of $12,100.00, is not clearly against the weight of the evidence.

The judgment of the trial court is affirmed.

All the Justices concur.