469 P.2d 100

Robert A. JOHNSON, Appellant,

v.

Kathleen J. JOHNSON, Appellee.

No. 1 CA–CIV 1196.

Court of Appeals of Arizona,
Division 1,
Department B.

May 13, 1970.

Andrews, Marenda & Moseley, by William S. Andrews, Phoenix, for appellant.

Stevens & Leibow, by Charles T. Stevens, Phoenix, for appellee.

HAIRE, Judge.

This is an appeal in a divorce proceeding. The appellant husband asserts that the trial court's award of $850.00 monthly to the wife as permanent alimony was excessive, and that the trial court should not have required him to pay the wife's attorneys' fees to the extent of $1,500.00.

We note but a few of the salient facts, which are in some respects quite similar to those of Porreca v. Porreca, 8 Ariz.App. 394, 446 P.2d 500 (1968). The husband is now a successful orthopedic surgeon earning about $46,000.00 a year. When the parties were married in 1953, the husband had completed one year of medical school. The wife contributed heavily to the support of the community while the husband was completing educa-

tional and residency requirements. The wife was a teacher, but she stopped teaching in 1960 when she developed stomach difficulties. Physical and nervous disorders, including ulcers, prevented her gainful employment at the time of the decree. It appears that during marriage the parties geared their manner of living to the husband's anticipated and actual professional success. The parties' agreed division of their community assets does not provide the wife with property which yields a substantial living income.

The factors to be considered by the trial judge in fixing alimony are set forth in Kennedy v. Kennedy, 93 Ariz. 252, 379 P. 2d 966 (1963), and Porreca v. Porreca, *supra*. They need not be recited here. It suffices to state that the record strongly supports the award of permanent alimony arrived at by the trial judge.

On the matter of attorneys' fees, appellant takes the position that there was no evidence that the attorneys' fees were reasonable and necessary and no showing that the wife was unable to finance her side of the litigation.

Appellant concedes in his reply brief that counsel stipulated in chambers that independent testimony of the value of the legal work done by appellee's attorney would not be required. Thereafter, counsel for appellee offered defendant's Exhibit No. 6, showing accrued attorneys' fees in the amount of $3,417.65. The exhibit was admitted into evidence and its admissibility is not questioned here. The judgment entered requires the husband to pay less than one-half of the fees claimed.

Direct or explicit evidence on the subject of the reasonableness of the amount of the attorneys' fees incurred is not always required. The trial judge in a divorce proceeding can draw upon his knowledge of the case and his own experience in determining whether the amount proved is a reasonable fee to be paid by the husband. Badertscher v. Badertscher, 10 Ariz.App. 501, 460 P.2d 37 (1969); Annot., 10 A.L.R.3d 280, 299 (1966).

The husband commenced the divorce action. The trial judge had before him all the facts of the case and particularly the financial circumstances of the parties. His determination that appellant should pay the wife's legal fees to the extent of $1,500.00 has support in the record.

The judgment of the trial court is affirmed.

EUBANK, P. J., and JACOBSON, J., concur.