560 P.2d 1276

Lou Ellen NELSON, Appellant,

v.

Leonard H. NELSON, Appellee.

No. 2 CA–CIV 2228.

Court of Appeals of Arizona,
Division 2.

Jan. 28, 1977.

William L. Berlat, Tucson, for appellant.

Sullivan & Seefeldt, P.C., by John P. Sullivan, Tucson, for appellee.

## OPINION

HOWARD, Chief Judge.

Lou Ellen Nelson, appellant, and Leonard H. Nelson, appellee, were married on November 19, 1971. Prior to the marriage, appellant earned $550 a month as a bookkeeper and received a $245 monthly pension payment from the death of her first husband. Upon her marriage, appellant lost her rights to the pension but received a lump sum settlement of approximately $5,000. She also gave up her job. Appellee was employed during the marriage as president and manager of Oliver's Cleaners, Inc., a corporation in which he owned 20,000 shares of stock as his separate property. The couple acquired a new home valued at $54,000 to $60,000 which was subject to a mortgage of approximately $39,000 at the time of trial.

The Nelsons separated in February of 1973 and the marriage was dissolved on February 5, 1976. The court awarded appellant her car, income from a second mortgage on a residence, and some shares of stock, all of which were her separate property; $4,250 in cash for her share of the community property; spousal maintenance of $400 a month for six months; and a one-half interest as cotenant in the Nelson home. The court further ordered appellee to pay attorney's fees and costs of $1,500

but denied appellant's request for an award of fees and costs for appeal.

On appeal, appellant claims the trial court (1) erred in its division of the property; (2) abused its discretion in awarding inadequate maintenance and support; and (3) abused its discretion in awarding only $1,500 in attorney's fees for expenses through trial and in failing to award attorney's fees for appeal.

■ Appellant first questions certain aspects of the division of property. Initially, she argues that the profits from appellee's share of the stock in Oliver's Cleaners, Inc. should be considered community property. Appellant points out that Oliver's qualifies for special treatment as a Subchapter S corporation for federal income tax purposes and therefore the profits are distributed and taxed directly to shareholders as ordinary income. She also notes, however, that Arizona does not recognize Subchapter S corporations so that the profits are taxed to the corporation and passed on to shareholders as dividends. In any event, the treatment which income receives for tax purposes is not determinative of whether the property is community or separate. Cf. *Porter v. Porter,* 67 Ariz. 273, 195 P.2d 132 (1948).

■ In Arizona, the general rule is that profits from separate property acquired during marriage remain separate property. A.R.S. § 25–213. However, in some instances the general rule is modified and profits become community property. Under the test long established by our courts, the profits of a business are either community or separate in accordance with whether they are the result of the individual toil and application of the spouse or the inherent qualities of the business itself. *Rundle v. Winters,* 38 Ariz. 239, 298 P. 929 (1931).

Although the test has been applied in many different cases, none directly addresses the question of whether profits from a corporation in which the spouse holds stock as his separate property and by which the spouse is employed as a president-manager are community or separate property. In *Anderson v. Anderson,* 65 Ariz. 184, 177 P.2d 227 (1947), the court stated that the success of the clothes cleaning business was due to the management and individual toil of the spouse and therefore held that the earnings of the business were community property. However, the business in that case was apparently a sole proprietorship and there was no indication the husband received a specific salary for his work. In *Lawson v. Ridgeway,* 72 Ariz. 253, 233 P.2d 459 (1951) where the husband was a partner in a general merchandise store in a small town, and in *Evans v. Evans,* 79 Ariz. 284, 288 P.2d 775 (1955) where the husband was a partner in a restaurant, the court rejected the idea that the salary account of a partner is in every instance the extent of the contribution of the community. In contrast, in *Lincoln Fire Insurance Company v. Barnes,* 53 Ariz. 264, 88 P.2d 533 (1939) where a husband and wife operated a hotel owned by the wife as separate property, the court held that the earnings of the hotel remained the wife's separate property because the spouses were paid for their services by a salary and drawing account and the community was therefore fully compensated. The court found that the profits in excess of their reimbursements derived from the inherent nature of the business itself. And in *Porter v. Porter,* supra, the court held that corporate dividends remained the husband's separate property where he owned one third of the stock of the corporation but was not active in the management of the business.

■ In the present case, the appellee originally owned ¹⁄₁₀ of the stock of Oliver's Cleaners, Inc. and now owns ⅑. He received a salary of approximately $26,000 a year as corporate president and manager. We conclude that the evidence sustained the trial court's findings that the salary paid to appellee was sufficient to fully and fairly compensate the community for his services and that the dividends were paid as a return on investment and were not community property. *Lincoln Fire Insurance*

*Co. v. Barnes,* supra. See also, *Gilmore v. Gilmore,* 45 Cal.2d 142, 287 P.2d 769 (1955); *Hamlin v. Merlino,* 44 Wash.2d 851, 272 P.2d 125 (1954); *Katson v. Katson,* 43 N.M. 214, 89 P.2d 524 (1939). We note in particular that all the shareholders received the same dividend whether or not employed by the corporation. Although the law in California differs somewhat from ours, language from *Van Camp v. Van Camp,* 53 Cal.App. 17, 199 P. 885, 889 (1921), a case involving similar facts, is appropriate here:

"While it may be true that the success of the corporation of which defendant was president and manager was to a large extent due to his capacity and ability, nevertheless without the investment of his and other capital in the corporation he could not have conducted the business; and while he devoted his energies and personal efforts to making it a success, he was by the corporation paid what the evidence shows was an adequate salary, and for which another than himself with equal capacity could have been secured."

■ Appellant next claims that an increase in the value of Oliver's Cleaners stock during the marriage is community property. However, an increase in value of separate property is subject to the same test as profits from separate property, *Everson v. Everson,* 24 Ariz.App. 239, 537 P.2d 624 (1975), and therefore appellant's argument fails for the same reasons expressed above.

■ Appellant also asserts a community interest in the increase in value of a residence owned by appellee as his separate property. However, the evidence presented at trial indicated that the community efforts in connection with the residence consisted only of helping to clean and rent it on occasion. The trial court awarded appellant $100 for her time spent in cleaning the property but found that the increase in value was not a result of the personal efforts of either spouse. We conclude that the evidence sustains the trial court's finding. *Spector v. Spector,* 23 Ariz.App. 131, 531 P.2d 176 (1975).

■ Appellant's final contentions regarding the division of the property are that the court erred in not awarding her the Nelson residence as her sole and separate property in exchange for certain community assets and in not awarding a proportionate amount of $28,198 which had passed through a personal checking account of appellee and which appellant claimed was mysteriously unaccounted for. We find no merit in either contention. The distribution and division of property under A.R.S. § 25–318 rests in the sound discretion of the court and all reasonable inferences must be taken in favor of sustaining the judgment of the trial court. *Hatch v. Hatch,* 23 Ariz.App. 487, 534 P.2d 295 (1975). Here the trial court could have reasonably found that the large three-bedroom home with living room, dining room and den was more than appellant needed. As to the bank account, there was testimony, which the trial court apparently believed, that funds in the account resulted from appellee acting as banker for his weekly poker games but did not represent his specific winnings or losses.

Appellant next argues that the trial court abused its discretion in its award of spousal maintenance in the sum $400 a month for six months. She claims the award is inadequate and points to the fact that upon marriage to appellee she lost valuable pension rights which provided $245 income a month, that she has lost some of her bookkeeping skills since she had been unemployed for five years, and that she was at the time of the dissolution 47 years old.

■ Under A.R.S. § 25–319(A) as it read at the time of trial, the court could grant maintenance upon a determination that the spouse seeking maintenance:

"1. Lacks sufficient property, including property apportioned to him, to provide for his reasonable needs; and

2. Is unable to support himself through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home."

Then, in determining the amount of the award the court was directed to consider certain factors, including:

"1. The financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently.

2. The time necessary to acquire sufficient education or training to enable the party seeking maintenance to find appropriate employment.

3. The standard of living established during the marriage.

4. The duration of the marriage.

5. The age and the physical and emotional condition of the spouse seeking maintenance.

6. The ability of the spouse from whom maintenance is sought to meet his needs while meeting those of the spouse seeking maintenance.

7. Excessive or abnormal expenditures, destruction, concealment or fraudulent disposition of community, joint tenancy and other property held in common."

The award of maintenance is thus left to the sound discretion of the trial judge who is best able to tailor the award in order to give the spouse time to make a transition to a new life but prevent an able-bodied spouse from living off the labors of the former spouse. *Porreca v. Porreca*, 13 Ariz. App. 340, 476 P.2d 684 (1970).

An award of spousal maintenance is only subject to limited review on appeal, and where there is any reasonable evidence to support the judgment of the trial court we will not disturb it. *Burkhardt v. Burkhardt*, 109 Ariz. 419, 510 P.2d 735 (1973). We have evaluated the testimony adduced at trial in light of the factors set forth in the statute. Although appellant was 47 years old and her bookkeeping skills had been lost to some extent, she testified she was in good mental and physical condition, that she was taking a refresher course to improve her skills and that she expected to be able to obtain employment.

The trial court also took note of the short duration of the marriage and the fact that appellant had no child who required her presence at home. Although our Supreme Court has stated that the termination of a pension is an important factor to take into account, *Babnick v. Babnick*, 94 Ariz. 338, 385 P.2d 216 (1963), we cannot say that under the facts of this case the trial court abused its discretion in awarding appellant only $400 a month for six months.

Finally, appellant questions the award of $1,500 in attorney's fees and the failure to award fees for appeal. As with spousal maintenance, the award of attorney's fees is a matter left to the sound discretion of the trial court. *Burkhardt v. Burkhardt*, supra; *Johnson v. Johnson*, 12 Ariz.App. 208, 469 P.2d 100 (1970). The fact that appellant did not receive the full $4,190.62 she requested does not create an abuse of discretion, especially since the evidence shows that she changed attorneys just prior to trial and may have thereby caused some duplication of efforts. Thus we do not find that the award of $1,500 attorney's fees for expenses through trial constituted an abuse of discretion. Nor do we find that the trial court abused its discretion in denying fees for appeal since appellant will have available the property awarded under the decree of dissolution from which she will be able to pay the costs of this appeal.

Affirmed.

HATHAWAY and RICHMOND, JJ., concurring.