**William Seth AGENT, Appellant,**

v.

**Donna Lee AGENT, Appellee.**

**No. 51800.**

Court of Appeals of Oklahoma, Division No. 1.

Oct. 23, 1979.

Rehearing Denied Nov. 13, 1979.

Certiorari Denied Jan. 7, 1980.

Released for Publication by Order of Court of Appeals Jan. 10, 1980.

---

Naylor & Williams, Inc. by Don E. Williams, Tulsa, for appellant.

Frasier & Frasier by Wesley E. Johnson, Tulsa, for appellee.

BOX, Judge:

An appeal by William Seth Agent, plaintiff, contesting the amount of alimony, child support and division of property in a divorce action.

From a review of the record, together with the statement of facts set out in Appellant's brief, the facts, stipulations and evidence reveal in part the following:

The parties were married on June 2, 1963, having been married 14 years at the time of trial. Two daughters were born of the marriage and had attained the ages of five and nine at the time of trial. Plaintiff was 37 years of age and defendant was 34 years of age at the time of trial.

The health of both of the parties to the action and the minor children is good.

There was no controversy with respect to custody or visitation of the minor children. The plaintiff stipulated both in his pleadings and in his testimony that custody of the children should be awarded to defendant. Likewise, plaintiff recognized his duty of support of the minor children as well as alimony, both in reasonable amounts.

The parties separated during the month of October, 1976. Although several attempts at reconciliation were made, they were unsuccessful. There is nothing in the record questioning the conduct of either party. The parties simply did not see eye to eye on various issues and plaintiff believed it was best for all parties to dissolve the marriage.

At the time of their marriage, plaintiff had completed one year of medical school and defendant was still in the process of completing her education at Northeastern State College at Tahlequah, Oklahoma. Defendant obtained a Bachelor of Science and Education in 1964. Upon attaining her teaching degree, the defendant joined the plaintiff in Kansas City where he was attending medical school. Defendant taught school in Kansas City for approximately two years while plaintiff completed his medical education. Upon completion of plaintiff's medical education, the parties moved to Tulsa and defendant continued to be employed as a teacher for approximately two more years.

At the time of trial, defendant lacked only one hour from having completed a course of study to update her teaching certificate.

It was stipulated between the parties that the beginning salary level of defendant if she were hired as a teacher in the Tulsa Public School System, would be the sum of $10,679.68 per year.

Upon attaining his medical education approximately three years after their marriage, plaintiff became employed and has remained continuously employed since that time as a practicing osteopathic physician.

At the time of trial, plaintiff was in private medical practice in Tulsa, Oklahoma. The monthly income of the parties as determined by the court was the proximate sum of $5,200.00 net per month.

Upon conclusion of trial of the case, a Decree of Divorce was entered by granting a divorce to plaintiff from the defendant on grounds of incompatibility. Custody of the children was awarded to the defendant. The Decree of Divorce divided the marital estate of the parties.

The Decree of Divorce further awarded defendant support alimony in the sum of $106,800.00, payable at the rate of $1,500.00 per month for twelve months, $1,200.00 per month for the next twelve months, $1,000.00 per month for the next twelve months, $800.00 per month for the next twenty-four months, $600.00 per month for the next twenty-four months and $400.00 per month for the next seventy-two months. The first of said installments was to commence December 15, 1977, and continue thereafter on the 15th of each and every month until paid, contingent and terminable however upon the death or remarriage of defendant. Said alimony is payable over a period of 156 months or a total of thirteen years.

The Decree of Divorce further ordered and directed plaintiff to pay unto defendant child support in the sum of $1,000.00 per month, i. e., $500.00 per child, for the care and maintenance of the minor children of the parties until they attain majority, commencing December 15, 1977, and in addition thereto, to pay all costs of medical treatment, hospitalization, dental care, and prescription drugs for said minor children.

The trial court made Finding of Facts and Conclusions of Law. Without unduly burdening the record, we will set out those that are contested by Appellant in this appeal, as follows:

In 1968, the plaintiff's mother, Sally B. Agent, gave plaintiff approximately $12,000.00 to enable plaintiff and defendant to purchase the home which they owned and occupied at the time of trial.

The home was purchased by the plaintiff and the defendant in 1968.

In approximately 1972, the plaintiff received $21,000.00 as inheritance from his father. These funds were deposited by the plaintiff in his separate savings account.

Plaintiff's income from his medical practice is conservatively $5,200.00 net per month after deducting numerous costs as business expenses which are personal living costs.

The reasonable expenses of defendant to maintain herself and the children in the home which the plaintiff and defendant have provided for them is $1,862.00 per month.

Conclusions of law:

Plaintiff's gift from his mother of $12,588.50 lost its character as separate property when it was paid toward the purchase of real estate which the plaintiff and defendant purchased jointly.

The plaintiff's inheritance from his father, to the extent it was contributed to improvements to the homestead jointly owned by the parties, lost its character as separate property.

All real and personal property which the plaintiff and the defendant own is jointly acquired property subject to division between them by the Court, except the Tri County stock, the $8,000.00 savings deposit, and the personal property the plaintiff inherited from his father, referred to in findings of fact above.

Both parties have adequately presented in their briefs the law, and cases pertaining to the allegations of error set out by plaintiff.

Plaintiff first contends that the alimony judgment rendered by the court constitutes a clear abuse of discretion; that said amount was contrary to the evidence; and is unfair, unjust and inequitable, and should be reduced at least to the sum of $45,000.00.

Appellant admits in his brief and citation of legal authorities that "the trial court is empowered with discretionary authority to award such alimony as the court shall think reasonable (citations omitted) and that in this case that some reasonable award of alimony is appropriate."

■ The Supreme Court in numerous decisions has held that in setting the amount of alimony the trial court may, among other matters, take into consideration the following:

The husband's future earning capacity, *Jupe v. Jupe,* 198 Okl. 100, 175 P.2d 976;

The husband's present ability to pay, *Jupe v. Jupe, supra;*

The wife's contribution to the husband's accumulation, *DeRoin v. DeRoin,* 198 Okl. 430, 179 P.2d 685;

Whether the marriage was one of affection or convenience, *Dobry v. Dobry,* 203 Okl. 327, 220 P.2d 698;

The earning capacity of the husband, *Funk v. Funk,* Okl., 319 P.2d 599;

The wife's condition and means, *Eisenrich v. Eisenrich,* Okl., 323 P.2d 723;

Duration of the married life and the ages of the parties, *Hughes v. Hughes,* Okl., 363 P.2d 155;

The wife's health, *Henley v. Henley,* Okl., 428 P.2d 258;

The wife's opportunity for employment, *Fitzer v. Fitzer,* Okl., 460 P.2d 888;

The wife's ability to obtain gainful employment, *Kennedy v. Kennedy,* Okl., 461 P.2d 614;

The mode of living to which the wife had become accustomed during the marriage, *Dowdell v. Dowdell,* Okl., 463 P.2d 948;

The probability of the husband's ability to progress financially, *Conrad v. Conrad,* Okl., 471 P.2d 892;

The earning capacity of the wife, *Conrad v. Conrad, supra;*

The wife's ability to make a living before the marriage, *Conrad v. Conrad, supra;* The age of the children and the need to maintain a home for them, *Price v. Price,* Okl., 484 P.2d 532.

■ In the instant case the trial court awarded the alimony of $106,800.00 pursuant to a graduated downward scale from $1,500.00 per month to $400.00 per month over a 156 month period. From a review of the record, and taking all factors into consideration, we find that the trial court did not abuse his discretion in the amount awarded. Neither is the amount excessive nor inequitable. Thus we will not reverse. *Kiddie v. Kiddie,* 563 P.2d 139; *Duncan v. Duncan,* 449 P.2d 267; *Honeywell v. Honeywell,* 344 P.2d 589; *Jahn v. Jahn,* Okl., 276 P.2d 225.

■ Appellant next complains of the amount of child support awarded, to-wit, $500.00 per month for each child, and seeks a reduction of same to an amount of $150.00 per month for each child. Appellant further sets out in his brief a list of 50 cases and the amount awarded as child support by the trial judge in this case, and asks this court to take judicial knowledge of same. We will predicate our decision on the facts of this case.

■ The minor children of the parties are two girls, ages 5 and 9 at the time of the trial. The evidence, together with a little common sense applied, supports the judgment of the trial court that it will take at least $500.00 each per month to maintain these two girls, both as to their physical needs as well as their educational and every day living requirements, and we not only affirm the amount awarded by the trial court, but also compliment her for realizing the need for adequate support for minor children in this period of inflation and high cost of living, together with the ability of Appellant to pay said amount.

■ Appellant next contends that the trial court erred in not designating a separate property interest in the real property of the parties in favor of plaintiff, by reason of the gift from his father to himself in the total amount of $12,588.53.

The evidence reveals that Appellant himself in more than one instance while testifying, made the statement that the monies were given to *us* to purchase a home in Sand Springs, Oklahoma. (T–70, Stipulation—99, T–100). Thus Appellant's argument in this respect has no merit.

■ Appellant next contends that the court erred in not designating a separate property interest in the real property in favor of the plaintiff in the sum of $4,000.00, the same being derived from the proceeds of plaintiff's inheritance from his father.

The record reveals Finding of Facts, *supra,* that Appellant was awarded all monies received as an inheritance except the $4,000.00 used to build a swimming pool for the benefit of the family. The amount of the swimming pool monies was awarded with the home to Appellee under the Conclusions of Law as set out by the trial court, *supra.* The Supreme Court in the case of *Catron v. First National Bank & Trust Co. of Tulsa,* Okl., 434 P.2d 263, dealing with a suit to establish a trust in the widow in deceased husband's estate, held in Syllabus 6 as follows:

If separate property is so confused, blended, or commingled with community property that its identity is lost, the entire mass ordinarily becomes community property, unless the community component is comparatively small.

■ Although the case referred to the community property act, which has been repealed, in the instant case we have inherited property which has undisputedly become part of the purchase price of the residence of the parties, thereby becoming so blended with the property as to lose its character as "separate" property. Thus we find no error as alleged.

■ Appellant lastly seeks a determination of this Court that each of the parties should pay his own counsel fees and costs on appeal. From a reading of Appellee's response, she sets out numerous cases wherein attorney's fees can be granted on

appeal by an appellate court. We agree that this Court may assess an additional attorney's fee for purposes of appeal. In the instant matter we direct each party to pay his respective attorney's fees, for purposes of this appeal.

From a review of the record and briefs of the parties, we hold that the trial court did not commit errors as alleged by Appellant. Thus we affirm.

AFFIRMED.

ROMANG, P. J., concurring.

REYNOLDS, J., not participating.