638 P.2d 1359

**Sharon Lee HOLBY, Petitioner/Appellee,**

v.

**Merle Edwin HOLBY II,
Respondent/Appellant.**

No. 2 CA–CIV 3962.

Court of Appeals of Arizona,
Division 2.

Oct. 7, 1981.

Rehearing Denied Nov. 13, 1981.

Review Denied Dec. 8, 1981.

Richard J. Michela, Tucson, for petitioner/appellee.

Lieberthal & Kashman, P. C. by David R. Ramage-White, Tucson, for respondent/appellant.

## OPINION

BIRDSALL, Judge.

The twenty-one year marriage of appellant husband and appellee wife was dissolved in the trial court. For the most part they agreed on the division of their community property.

On appeal the husband contends that the court committed error in:

1) Finding that certain stock was a gift to the wife and therefore her separate property;

2) Awarding the wife spousal maintenance of $50.00 per month;

3) Giving the husband the state retirement account as part of the community property division; and

4) Ordering the husband to pay $1,000.00 attorney fees.

### The "Gift"

■ Each Christmas for several years the wife's employer gave her shares of Proctor and Gamble stock. There were thirty-three shares in her name at the time of dissolution of the marriage. The stock certificates came with a cover letter stating they were gifts. Each year the appellee was given a choice of either cash or the stock and chose the stock. The trial court considered the stock to be gifts and therefore appellee's separate property. We disagree. The stock was clearly a remuneratory gift. See deFuniak and Vaughn, *Principles of Community Property*, § 70 (2d Ed. 1971). The "gift" from employer to employee, even though made at Christmas and labeled a gift, was in consideration of services rendered. It was in the nature of a bonus. *See Tucker v. Tucker*, 370 Pa. 8, 87 A.2d 650 (1952); *Simon v. Riblet Tramway Co.*, 8 Wash.App. 289, 505 P.2d 1291 (1973). Since the stock was received by appellee during the marriage, it is presumed to be community property. *Cockrill v. Cockrill*, 124 Ariz. 50, 601 P.2d 1334 (1979); *Luna v. Luna*, 125 Ariz. 120, 608 P.2d 57 (App.1979). That presumption has not been overcome. The record does not support the trial court's conclusion that the stock is appellee's separate property. The decree should provide that the stock be divided equally between the parties.

### Spousal Maintenance

■ The wife's income is insufficient to meet her necessary monthly expenses. The amount awarded as spousal maintenance is not even adequate to make up the difference. The husband is 51, regularly employed, and able to pay the maintenance ordered. Although employed, the wife has no special work skills. We will not disturb the award. *Sommerfield v. Sommerfield*, 121 Ariz. 575, 592 P.2d 771 (1979).

### Retirement Benefits

■ The husband argues that these benefits, valued at $6,417.00 and awarded to him, should be compared to a Pennsylvania mortgage which was awarded to his wife. That mortgage, which is junior to a first mortgage of about $700.00, has an outstanding balance of $5,578.00. There is nothing in the decree to suggest the trial court considered this an offsetting exchange, but even assuming it was, we find it to be equitable. The husband was still working in covered employment and it is preferable that he own his retirement account. *See Tester v. Tester*, 123 Ariz. 41, 597 P.2d 194 (1979).

### Attorney Fees

The amount of attorney fees is left to the discretion of the trial court. The husband argues here that the wife had more than $2,500.00 in available cash to pay her counsel.

■ It is not necessary that the wife be required to exhaust all, or even most, of her available cash assets to pay her attorney before requiring her husband to meet the

reasonable cost of these services. *See Nelson v. Nelson*, 114 Ariz. 369, 560 P.2d 1276 (App.1977); *In re Marriage of Fong*, 121 Ariz. 298, 589 P.2d 1330 (App.1978).

The decree is modified to provide that the stock be divided equally between the parties. As so modified, it is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.