## Birkel v. Birkel

*Winston T. Roberts*, for plaintiff.
*Joseph M. Wymard*, for defendant.

WETTICK, *J.*, December 28, 1982—This is a claim for equitable distribution and counsel fees. The parties were married on May 31, 1977; they separated on January 29, 1981; and they were divorced on May 25, 1982.

Prior to the hearing, the parties divided all marital assets and marital debts except for a house which the husband occupies. At the hearing, the testimony established that these marital assets and debts (excluding the house) were divided more or less equally and that the parties were generally satisfied with the division. We find the division to be equitable and will not disturb the status quo with respect to these assets and debts.

I

The major dispute involves a house in the Mt. Washington section of Pittsburgh which the husband owned prior to the marriage and continues to occupy. This house, which continues to be titled in the

husband's name, served as the marital residence. During the marriage, the parties spent at least $12,000 of marital funds and substantial time in making major improvements to the exterior and interior of the house. In addition, the mortgage balance on the property decreased from $15,054 to $13,221 between the date of marriage and the date of separation.

Both parties agree that on the date of their marriage the property was worth approximately $25,000 and that its value increased during the marriage solely as a result of the improvements that the parties made to the house. It is the husband's opinion that the property had a fair market value of $35,000 on the date of the parties' separation while the wife's expert witness valued this property at between $45,000 and $50,000. We find the wife's evidence to be more persuasive and value the property at $45,000.

## II

The wife's effort to include the increased value of the marital residence as part of her equitable distribution claim raises the issue of how to classify property acquired prior to a marriage whose value has increased during the marriage. The issue arises because the Pennsylvania Divorce Code of 1980 provides for the equitable distribution of only property acquired by either party during the marriage.

While the appellate courts of Pennsylvania have not yet addressed the issue of whether the increase during the marriage in the value of property owned by a party prior to the marriage constitutes property acquired during the marriage, there is substantial case law from other jurisdictions addressing this issue. The issue arises in the community property states because property acquired prior to the marriage does not constitute community property. Also, the issue arises in those equitable distribution

jurisdictions whose legislation subjects to equitable distribution only property acquired during the marriage without specifically addressing the issue of whether an increase in the value of separate property constitutes marital property.[1]

The appellate courts of those jurisdictions without legislation specifically addressing this issue characterize as marital property the increase in the value of the separate property if this increase resulted from the contributions and joint efforts of the parties during the marriage, and characterize as non-marital property the increase in the value of the separate property if this increase resulted from inflation and other economic factors. See, e.g., Mol v. Mol, 147 N.J. Super. 5, 370 A. 2d 509 (1977); In re Marriage of Johnson, 625 P. 2d 720 (Court of Appeals, Washington, 1981); Nelson v. Nelson, 114 Ariz. 369, 560 P. 2d 1276 (Court of Appeals, Arizona, 1977); Jensen v. Jensen, 629 S.W. 2d 222 (Court of Appeals, Texas, 1982); Bowman v. Bow-

---

1. The increase in the value during the marriage of property acquired before marriage is specifically classified as separate property in the divorce codes of Arkansas (Ark. Stats. §34-1214(B)(5)), Delaware (13 Del. C. §1513), District of Columbia (D.C. Code §16-910(a)), Maine (19 M.R.S. §722-A(2)(E), Minnesota (Minn. Stat. §518.54, subd. 5), Missouri (§452.330(2) R.S. Mo. 1978), and North Carolina (N.C. Gen. Stat. 50-20(b) (2)).

The opposite position is taken by the Colorado legislation (Col. Rev. Stat. 14-10-113) which classifies as marital property the entire increase in the value of separate property.

Middle positions are taken by the divorce codes of Alaska (Alaska Stat. 09.55.210) and Iowa (I.C.A. §598.21) which permit separate property to be awarded to the other spouse if the balancing of the equities requires it, and of Kentucky (Ky. Rev. Stat. 403.190(2)(e) and New York (Dom. Rel. Law §236, subs. 1, (d)(3)) which include as marital property increases in the value of separate property which can be attributed to the contributions and efforts of the parties.

man, 639 P. 2d 1257 (Court of Appeals, Oklahoma, 1981); Newkirk v. Newkirk, 9 F.L.R. 2089 (Supreme Court, Neb., 1982). Also see In re Marriage of Lattig, 318 N.W. 2d 811 (Court of Appeals, Iowa, 1982).

Moreover, even some courts whose legislation specifically classifies any increase in value during the marriage as separate property have included as marital property those increases in value resulting from the contributions and efforts of the parties during the marriage. See In re Marriage of Lee, 87 Ill. 2d 64, 430 N.E. 2d 1030 (Supreme Court of Illinois, 1981); Hull v. Hull, 591 S.W. 2d 376 (Court of Appeals, Missouri, 1979). Also see Darling v. Darling, 444 A. 2d 20 (D.C. Court of Appeals, 1982).

The major areas of disagreement involve whether an increase in the value of the separate property will be included as marital property if there was substantial maintenance but no major improvements (compare Nelson v. Nelson, supra, Marriage of Kennedy, 418 N.E. 2d 947 (1981) with In re Marriage of Brown, 587 P. 2d 361 (Supreme Court, Montana (1978)), In re Marriage of Johnson, supra); whether an increase in value attributable primarily to the owning spouse's efforts will be included as marital property (see e.g., Scherzer v. Scherzer, 136 N.J. Super. 397, 346 A. 2d 434 (1975); Jensen v. Jensen, supra); under what circumstances will the nature and extent of the improvements to the separate property convert the entire asset into marital property (compare Agent v. Agent, 604 P. 2d 862 (Court of Appeals, Oklahoma, 1979), In re Marriage of Metcalf, 598 P. 2d 1140 (Supreme Court, Montana, 1979) with In re Marriage of Westphal, 426 N.E. 2d 303 (Court of Appeals, Illinois, 1981)); how to apportion increases in value which are attributable to both major improvements

and inflation (compare Brandenburg v. Brandenburg, 617 S.W. 2d 871 (Court of Appeals, Kentucky, 1981) with In re Marriage of Herron, 608 P. 2d 97 (Supreme Court, Montana, 1980), Cockrill v. Cockrill, 124 Ariz. 50, 601 P. 2d 1334 (Supreme Court, Arizona, 1979); and where does the burden of proof rest in those jurisdictions where increases in value can be apportioned (compare Halsey B. S. v. Charlotte S. S., 419 A. 2d 962 (Family Court of Delaware, 1980), Cockrill v. Cockrill, supra, with In re Marriage of Johnson, supra).

This court will follow the case law which includes as marital property any increases in the value of separately owned property that can be attributed to the substantial contributions and joint efforts of the parties to the marriage. This result is dictated by the principles of equitable distribution.

Equitable distribution is a property division based upon the concept of marriage as a shared enterprise in which both parties are deemed to have contributed to the acquisition and preservation of the parties' assets. In distributing the parties' assets, a court shall give no consideration to title; the contribution of the parties has replaced title as the controlling factor. Thus if the marital assets and joint efforts of the parties contributed to the value of an asset, this asset should not be entirely outside the marital enterprise. A construction of the Divorce Code which excluded from equitable distribution increases in the value of separate property that can be directly traced to the expenditure of marital funds and the joint efforts of the parties to the marriage would defeat the legislative scheme for distributing marital property by elevating title over the actual contributions of the non-owning spouse. See, generally, Paul W. v. Margaret W., 130 P.L.J. 6 (1982).

Before reaching our decision, we considered Rudd

v. Rudd, 65 Erie 58 (1982), the only reported Pennsylvania case of which we are aware that has dealt with an equitable distribution claim involving the increased value of separate property. The issue before the court in the Rudd case was whether the increased value of a house acquired prior to the marriage constituted marital property where the increased value was solely the result of inflation. The result—that this increase in value does not constitute marital property—is not inconsistent with this court's treating as marital property the increase in value of separate property attributable to the contributions and joint efforts of the parties. However, the Rudd opinion contains broad language that cannot be reconciled with treating the appreciation in value of separate property as marital property under any circumstances:

Mrs. Rudd argues that the appreciation in the real estate constitutes 'property' which she claims was 'acquired by the parties during the marriage' since this appreciation occurred during the term of the marriage.

However, §402e provides that only two types of appreciation in otherwise non-marital property constitutes marital property. These exceptions are found in subsections (e)(1) and (e)(3). Mrs. Rudd's argument can be found in neither subsection. Further, the plain language of 402(e) provides that marital property means only property acquired during the marriage. Since this real estate does not fit within any of the exceptions of 402(e), nor has either party provided this Court with any Pennsylvania cases which construe the statute to the contrary, we find that this property is not 'marital property' and therefore is not subject to distribution pursuant to the Master's recommendation . . . . p. 60.

Under Section 401(d) of the Divorce Code, a court may equitably divide only "marital property." Section 401(e) defines marital property as all property acquired during the marriage except:

(1) Property acquired in exchange for property acquired prior to the marriage except for the increase in value during the marriage.

(3) Property acquired by gift, bequest, devise or descent except for the increase in value during the marriage . . . .

The general language of Section 401(e) defining marital property as "all property acquired during the marriage" does not directly address the issue of whether the increase in value during the marriage of property acquired prior to marriage constitutes marital property. As our discussion of the case law of other jurisdictions reveals, the phrase "property acquired during the marriage" may include the increase during the marriage in the value of any separate property. In fact, since the Pennsylvania Divorce Code contains many similarities to the statutory schemes of other jurisdictions, a strong argument can be made that the language used in the Divorce Code was intended to receive the widely accepted interpretations of other jurisdictions.

The husband's statutory argument is based not on the language of Section 401(e), but upon its omissions. Since the Legislature included in Section 401(e) as marital property the increase in value during the marriage of property acquired in exchange for property acquired prior to the marriage and of property acquired by gift, bequest, devise or descent, the husband argues that the omission from Section 401(e) of the increase in value during the

marriage of property acquired prior to the marriage reveals a legislative intent to exclude this increase from equitable distribution.

This argument fails because it rests upon an incorrect premise that Section 401(e) is a listing of property that constitutes marital property. To the contrary, the provisions of Section 401(e) which include as marital property the increase in value of property acquired in exchange for property acquired prior to the marriage and the increase in value of property acquired by gift, bequest, devise or descent are exceptions to exclusions from marital property of property acquired during the marriage in exchange for property acquired prior to the marriage and of property acquired during the marriage by gift, bequest, devise or descent.

The only issue addressed by Section 401(e) is what types of property acquired during the marriage will be excluded from the general definition of marital property as all property acquired during the marriage. The references to the increase in value of property acquired by gift, bequest, devise and descent and of property acquired in exchange for property acquired prior to the marriage are solely for the purpose of narrowing the exclusions of such property from the general definition of marital property. Thus, the only explanations for the Legislature's failure to mention specifically in Section 401(e) the increase in value during the marriage of property acquired prior to the marriage are that it did not intend to exclude these increases from its definition of marital property or that it had not determined that such increases constitute marital property.

If the first explanation is correct, the failure of the Legislature to mention the increase in value during the marriage of property acquired prior to

marriage supports the claim of the wife—not the husband. If the second explanation is correct, we are back to the issue of what property comes within the definition of marital property as "property acquired during the marriage"—an issue that is not addressed by Section 401(e).

Finally, Section 401(e)'s inclusion as marital property of the entire increase in value of property acquired prior to the marriage and of property acquired by gift, bequest, devise or descent supports this court's treatment as marital property of the increase in value of separate property attributable to marital contributions and efforts. By protecting separate property from equitable distribution while including as marital property the entire increase in value during the marriage of property acquired by gift, bequest, demise or descent and property acquired in exchange for property acquired prior to the marriage, the Legislature has created a conclusive presumption that marital assets and efforts were responsible for the increase in the value of these assets. There is no rational basis for creating within the same Divorce Code a diametrically opposed conclusive presumption that the marital assets and efforts were in no way responsible for the increase in value because of the happenstance that the separate property was acquired prior to marriage and not exchanged during the marriage. Other jurisdictions uniformly classify as marital property the increases in value of separate property resulting from marital contributions and efforts solely because of the underlying premise of equitable distribution that any financial gains that are attributed to marital contributions and efforts shall be subject to equitable distribution regardless of title. There is greater justification for construing the equitable distribution provisions of the Pennsylvania Divorce

Code in this fashion because of the added direction provided by Section 401(e)(1) and (3).[2]

### III

In the case of Paul W. v. Margaret W., 130 P.L.J. 6 (1982), we held that in making an equitable distribution of marital property, the starting point for considering the relevant factors shall be an equal division of the marital property. In this case, neither party introduced any evidence that would favor an unequal distribution of the marital property. Consequently, we award the wife $10,900.[3]

The testimony indicated that the husband has no liquid assets with which to purchase the wife's share of the house. The husband continues to occupy this house and apparently wishes to do so in the future. Consequently, we will permit the husband to pay our award to the wife over a period of time in order that he will have the opportunity to keep the house.

While the wife made a claim for counsel fees, the evidence does not support this claim.

For these reasons, we enter the following

### ORDER

On this December 28, 1982, upon consideration

---

2. See Equitable Distribution Reporter, Equitable Distribution—An Update (1982) which provides at p.9:

Pennsylvania's statute and case law [reference to Rudd v. Rudd] fly in the opposite direction. The statute classifies increases in value of property acquired by gift or inheritance and increases in value of property acquired in exchange for premarital property as *marital* property, yet is silent as to the treatment of the original premarital property. If uniformity within the state's statutory scheme were to prevail, such an increase would also be designated marital property.

3. We equally divide the increase in the value of the house ($20,000) and the decrease in the mortgage balance ($1,800).

of the wife's claim for equitable distribution and counsel fees, it is hereby ordered that

(1) The husband is awarded the house in which he presently resides.

(2) The wife is awarded a second mortgage in the house in the amount of $10,900, together with simple interest of ten percent on the unpaid balance. If the husband dies or ceases to reside in the house, the entire mortgage balance is payable immediately. Otherwise, the mortgage balance is payable in monthly installment payments of $250, with payments to begin on February 1, 1983.

Any other equitable distribution, alimony, and counsel fee claims raised by either party to these proceedings are hereby dismissed.