## DOBRY v. DOBRY.

No. 33890.   July 5, 1950.

Rehearing Denied July 27, 1950.

*220 P. 2d 698.*

Homer L. Hurt, of Oklahoma City, for plaintiff in error.

Joe A. Smalley and T. R. Benedum, both of Norman, for defendant in error.

WELCH, J. The parties were married in 1942 and became divorced in 1944 and shortly thereafter remarried. At the time of the second marriage

the plaintiff was gainfully employed. The defendant was not then employed and was in ill health and was receiving disability benefits from an insurance company. Shortly after the remarriage, and due to the defendant's health, the parties moved to New Mexico. There for about a year neither of the parties engaged in any gainful employment. The defendant during the time received monthly checks from the insurance company and received certain gratuities from relatives. The defendant returned to Oklahoma and was employed in some capacity by the Dobry Flour Mills, Inc., of Yukon, Oklahoma. The stock of the corporation was owned in part by defendant, and the balance by his parents, his brothers and sisters. Just prior to the defendant's departure the plaintiff had commenced work in a millinery shop in New Mexico. Some two months later the plaintiff returned to Oklahoma. Shortly thereafter the plaintiff established a Ladies-Ready-To-Wear shop at Purcell, which shop was later removed to Pauls Valley. The defendant was in gainful employment at Yukon for a number of months and the plaintiff was engaged in operating the dress shop at Purcell or Pauls Valley. The parties were together on weekends and occasional midweek days at various hotels or apartments in Purcell, Pauls Valley, and Oklahoma City. There were quarrels and finally a continuing separation and the plaintiff commenced action for divorce. During the course of his employment the defendant had received sums of money by way of salary and bonuses and dividends from stock owned in the Dobry Flour Mills, Incorporated. Practically all of such money appears to have been expended by the time of the trial. At the time of trial the plaintiff had assigned her business interests to creditors.

At the time of the trial the plaintiff was 40 years of age and the defendant 56 years of age. The plaintiff was without funds or property and was in weakened physical condition and had recently been hospitalized for nervous prostration resulting from her marital and business difficulties. It was the opinion of her physician that she should reach full physical vigor upon severance of marriage and social contact with the defendant. A physician called by the defendant testified that defendant had suffered a nervous disorder commencing prior to his marriage in 1942 which was continuous and incurable, and characterized by a mental instability that would prevent his ever doing any kind of work except for very short periods of time. The defendant owned shares of stock of the Dobry Flour Mills, Inc., of a book value of approximately $30,000. The stock was acquired long prior to the marriage. There was no joint accumulation of property during the marriage.

Divorce was granted and alimony allowed. The defendant was ordered to pay to the plaintiff the sum of $10,800 payable at a rate of $300 per month, and a further sum of $1,452.59 for payment of bills accumulated during the existence of the marriage, and $1,000 for attorney's fee in addition to such as previously allowed.

The defendant here contends the amounts awarded for alimony and attorney's fees are excessive under all the circumstances shown.

In reference to alimony, 12 O. S. 1941 §1278 provides:

"When a divorce shall be granted by reason of the fault or aggression of the husband, the wife shall be restored to her maiden name if she so desires, and also to all the property, lands, tenements, hereditaments owned by her before marriage or acquired by her in her own right after such marriage, and not previously disposed of, and shall be allowed such alimony out of the husband's real and personal property as the court shall think reasonable, having due regard to the value of his real and personal estate at the time of said divorce; which alimony may be allowed to her in real or personal property, or both, or by decreeing to her such sum of money, payable either in gross or in installments, as

the court may deem just and equitable. . . ."

In Collins v. Collins, 182 Okla. 246, 77 P. 2d 74, in reference to former decisions construing the statute and its application in varied fact situations, we said:

"From the above-cited cases it seems clear by our former decisions in passing upon the reasonableness of alimony awards this court may properly consider whether the property is the separate property of the husband or a joint accumulation of the parties; the duration of the marriage life; whether the marriage be a marriage of affection, or whether circumstances point to a marriage wholly or partly of convenience; and whether the wife was somewhat at fault, and in whole or in part provoked the treatment complained of as constituting grounds of divorce. These things to be considered in addition to the respective worth of the parties and the character and value of the property owned."

Herein divorce was granted "by reason of the fault or aggression of the husband" and the question of the propriety of that part of the decree is not presented.

The basic idea of alimony is that it is an allowance for the support of the wife. In some jurisdictions it may take the form of stated payments and may be terminated upon change of conditions, but in this state the award must be for a sum in gross and notwithstanding provisions for the payment of the gross sums in installments, the wife has an absolute property right in the gross sums allowed, enforceable against the property of the husband or future earnings or accumulations of the husband or estate of the husband.

Herein, under the undisputed evidence, the defendant was without prospective earning capacity from which he might meet the installments and finally pay the award in gross. Under the circumstances, the award in its nature is a division of the defendant's property arising from the plaintiff's former relation and the defendant's aggression.

At the time of the marriage the plaintiff was able to work and support herself and her child of a former marriage at a standard equal to anything the defendant could provide, except for the benevolences he received from his family. These benevolences were not such as could be expected and relied upon as a consideration of the marriage and may not be considered as a loss with dissolution of the marriage.

It was shown that the plaintiff was suffering a nervous disability at the time of the trial, but could be expected to return to a normal ability to work within a short time after severance of the marriage relation. The fact that the plaintiff may earn something by her own labor does not lessen the duty of the defendant to contribute to her support, but such fact is of proper consideration in determining what amount of the defendant's property should be taken in contribution to her support where his prospective earnings and property are not sufficient in amount to make it equitable and just for him to bear the whole burden of her future support.

It does not appear from the evidence that the defendant's conduct during the marriage was exceedingly base or such as to cause plaintiff any permanent mental or physical injury or mental anguish of lasting effect. It was shown that the defendant was suffering from a nervous disorder of long standing characterized by mental instability. Such condition was apparently known to the plaintiff at the time of their second marriage.

The record reflects that the defendant has a child of a former marriage to whom he owes some duty of support, and that he recognizes that duty, and further that the defendant on account of his physical condition may be without means of livelihood except from his property and mill interest.

It appears from the record that the payment of all outstanding bills and

a further sum equal to an allowance of $300 per month for a period of a few months should restore the plaintiff to a financial and physical condition commensurate with that existing at the time of the last marriage.

There is no question here of defendant profiting from his own wrongdoing in the dissolution of the marriage, or that plaintiff suffered a financial loss because of such dissolution in such an amount as that represented by the award.

Under all the circumstances in this case and in application of the above-quoted rules, we conclude that the alimony awarded plaintiff is unreasonable and excessive; that in view of the services rendered and the items involved and all attendant circumstances, an allowance as attorney's fee in excess of $750, in addition to such sums as were allowed before judgment, is unreasonable and excessive; that after payment of bills in the amount of $1,452.59, a further award of alimony in excess of $7,200, or such an amount as would equal an income of $300 per month for a period of 24 months, is unreasonable and excessive. Under the circumstances herein it does not appear that the interest of either party might be served by installment payment. The defendant was shown to be without earning power and must make payments from his property and the plaintiff's interest would apparently be best served by payment at once.

In Collins v. Collins, supra, in the third and fourth paragraphs of the syllabus we said:

"When the trial court in a divorce action awards alimony in money which is excessive under all the circumstances shown and entitled to consideration, it is the duty of this court on appeal to fix the alimony award at a reasonable amount.

"When the trial court in granting the wife a divorce and alimony awards her a further sum as attorney's fee which sum is excessive in view of the services rendered, and the items in-

volved, and all attendant circumstances, then it is the duty of this court to fix the attorney's fee award at a reasonable amount."

We herein reduce the alimony award of $10,800 to $7,200, and the allowance for attorney's fee of $1,000 to $750, and direct that judgment accordingly be entered in the trial court with order for payment of such unsatisfied amounts within 30 days after such entry.

The judgment of the trial court granting the plaintiff a divorce and judgment for alimony against the defendant is modified as above set forth and as so modified is affirmed.

ARNOLD, V.C.J., and CORN, GIBSON, HALLEY, JOHNSON, and O'NEAL, JJ., concur.