**Donald Ray ATTEBERRY, Appellant,**

v.

**Barbara B. ATTEBERRY, Appellee.**

**No. 47906.**

Supreme Court of Oklahoma.

Sept. 28, 1976.

 

Linn, Helms, Kirk & Burkett by James A. Kirk and Robert T. Stites, Legal Intern, Oklahoma City, for appellant.

Kerr, Davis, Irvine, Burbage & Green, Oklahoma City, for appellee.

DAVISON, Justice:

On October 1, 1974, the trial court granted a divorce to each party from the other, on the grounds of incompatibility. The divorce decree included a property settlement; custody to the appellee, wife, of the two minor children, Marc Carleton, age 16, and Bryan Allan, age 15, plus the sum of $150.00 per month to each child as child support; and an alimony award of $84,000.00 to the wife, payable at the rate of $700.00 per month for ten years. The trial court also decreed a division of property between the parties.

The appellant, husband, appeals from the judgment of the trial court on two separate grounds, first that the division of the property was unjust and inequitable, and second, that the award of alimony was excessive.

The facts relative to the division of property and the award of alimony are so closely interwoven that a resume of the testimony will be helpful for an equitable determination of the problems before us.

At the time of their marriage, December, 1950, the husband was entering his junior year at Tulsa University in pursuit of a degree in petroleum engineering. One year and a half later, he received this degree.

During the time the husband was in college, the wife taught music outside the home and worked as a secretary for the Gulf Oil Company. According to the testimony of the husband, the wife continued to work "sometime after I was out of school and further employed. Probably until the time we moved to Oklahoma City in 1968."

From the time of their marriage until they moved to Oklahoma City, they had lived periodically in three different states. They were the parents of four children, two having reached their majority.

After they moved to Oklahoma City, the wife took courses in music and Spanish.

She taught school in Oklahoma City, under a temporary certificate, for a period of one year at a salary of $500.00 per month. However, her husband objected to her continuing teaching and her certificate expired in 1974. She testified that she had been unsuccessful in finding employment at the time of the trial.

The comparative values of the property as testified to by the parties are as follows:

| | Plaintiff's Testimony | Defendant's Testimony |
|---|---|---|
| Home (equity) | $45,000.00 | $25,000.00 |
| Furniture | 12,000.00 | 1,500.00 |
| Grand Prix | 3,000.00 | 3,000.00 |
| Cadillac | 1,500.00 | 800.00 |
| Savings Account | 2.00 | 2.00 |
| Insurance Policy | 280.50 | 280.50 |
| Airplane | 6,000.00 | 7,000.00 |
| Long & Atteberry, Inc. | 7,500.00 | 13,300.00 |
| | $75,282.50 | $50,882.50 |

The following property was awarded to defendant, wife:

| Home (equity) | $25,000.00 |
|---|---|
| Furniture | 1,500.00 |
| Grand Prix | 3,000.00 |
| Cadillac | 800.00 |
| | $30,300.00 |

The following property was awarded to plaintiff, husband:

| Insurance Policy | $ 280.50 |
|---|---|
| Checking Account | 177.00 |
| Savings Account | 2.00 |
| Airplane | 7,000.00 |
| Long & Atteberry | 13,300.00 |
| | $20,729.50 |

The judgment as to the value of the property was general, no specific value having been placed on any of the property.

The corporation of Long & Atteberry was formed in March of 1973. Long and Atteberry each owned 38% of the stock of said corporation and, two other associates owned the remaining 24% of the stock.

The company offers services to clients, assisting in drilling for and production of oil; drilling of oil and gas wells and purchasing and selling used oil and gas equipment.

The financial statement of Long & Atteberry, Inc., for the period August 1, 1973, to July 31, 1974, was introduced in evidence. The statement of income and expenses disclosed a total income for the period of $494,081.83, with a net profit of $35,957.09. This net was over and above all salaries and expenses of the corporation, including taxes. This meant if the net profit had been distributed, the husband would have earned from his 38% interest an additional sum of $13,662.19, over and above his salary.

The record discloses that the wife inherited $20,000.00 from her parents during the marriage and a part of this inheritance was used by her in the purchase of the used 1969 Cadillac and also purchased the used 1973 Grand Prix automobile out of her inheritance. An undisclosed amount was also used in the purchase of the airplane.

The testimony shows that the home was purchased for $32,500.00. There is a mortgage of slightly more than $15,000.00 existing against the home. The record does not disclose whether or not the mortgage was in existence at the time of the purchase of the home. We will consider that this mortgage was in existence at the time of the purchase.

The plaintiff's testimony shows the equity in the home at $45,000.00, although some eleven months before the trial, a financial statement of plaintiff shows the value of the home to be $45,000.00, subject to the $15,000.00 mortgage. Testimony shows that the house is in need of repairs.

 We are of the opinion that $1,500.-00 would be a reasonable value for the furniture due to the fact that it had been moved from pillar to post and no doubt abused by four growing children. The wife testified that the only new furniture was a table which cost $36.00 plus an exchange of an older piece of furniture.

The property division phase of the case is covered by 12 O.S.1971, §§ 1275–1278, which has been construed in a number of cases.

The case of *McCoy v. McCoy*, Okl., 429 P.2d 999, holds that when a divorce is granted to both parties on the grounds of incompatibility, the court may make such order for an equitable division of the property of the parties as may be proper, equitable and just, having due regard to the time and manner of acquiring such property. The case also holds that an equitable division of property does not require that the property be "equally" divided and further, that in making an "equitable" division of property, the court is vested with a wide discretion and before this Court will reverse an order adjusting property rights, it must clearly appear that the trial court abused its discretion.

Also see *Jupe v. Jupe*, 198 Okl. 100, 175 P.2d 976; *Herndon v. Herndon*, Okl., 503 P.2d 545.

 We are of the opinion and hold that the division of property made by the trial court was not unjust and inequitable and did not constitute an abuse of discretion.

We will now discuss the award of alimony.

 The evidence disclosed the fact that Long & Atteberry, Inc., paid the plaintiff a salary of $2,000.00 per month, and in addition thereto all of his business expenses. The corporation furnished him with an automobile, memberships in the Petroleum Club and Quail Creek Golf and Country Club, including all membership fees, dues and all charges of said clubs.

The husband's living expenses are rather small in that he testified that he was out of town 90% of the time with expenses paid. His apartment rent is $150.00 per month.

The two children will soon reach their majority.

With the $2,000.00 per month salary plus the hereinbefore referred to undivided profits of Long & Atteberry, Inc., ($13,662.19), if distributed, would constitute an income of $37,662.19 for the twelve month period of August 1, 1973, to July 31, 1974, for the husband, less of course income and social security taxes.

The witness, Ward Edinger, President and Manager of Edinger Petroleum, Inc., a firm of petroleum engineers, a graduate of the Science of Engineering School of Missouri who had been connected with a somewhat similar business for 28 years as conducted by Long & Atteberry, testified that such a business was good and should continue to be good for some years; that after examining the financial statement of Long & Atteberry, hereinbefore referred to, he was of the opinion that the income of said company would grow and that for the period of the next ten years, the company would net $500,000.00 less income taxes.

A monthly expense account of the wife was introduced into evidence which included such items as medical bills, clothing, taxes and insurance on real estate and automobiles and other such items for a total of $1,535.00 per month. One of the items listed was $80.00 for Green's Golf and Racquet Club dues.

Due to the financial circumstances of both husband and wife, some of the listed items of expense could be eliminated.

Due to the intricate circumstances in the case, we find it very difficult to reach a correct solution relative to the alimony. Our research fails to find a case with similar facts.

The briefs of the parties cite a great many cases, but the facts in none of the cases are similar to the facts in the present case, other than by analogy.

In support of plaintiff's position for reduction of alimony a number of cases are relied on such as *Dobry v. Dobry*, 203 Okl. 327, 220 P.2d 698; *Moseley v. Moseley*, 171 Okl. 150, 42 P.2d 237; *Harden v. Harden*, 182 Okl. 364, 77 P.2d 721; *Herndon v. Herndon*, supra; and *Weaver v. Weaver*, Okl.App., 545 P.2d 1305.

In *Dobry*, supra, the husband was sick and unable to work while the wife was an experienced business woman capable of gainful employment.

In *Moseley*, supra, the husband's employment had been terminated at the time of the trial.

In *Weaver*, supra, the wife had been given all of the jointly acquired property under an agreement of separation. Thereafter, the husband went to war and became a prisoner of war. The wife held a Masters Degree in Science and Nursing and was earning $13,000.00 per year; she owned two houses, one of which was rented for $3,400.00 per year and was valued at $30,000.00; she had $2,100.00 in savings. When the husband was released from prison, he had only the money given him out of the prisoner of war fund. Under such circumstances, the trial court awarded her alimony out of the husband's POW fund. On appeal, the award for alimony was reversed on the theory that no evidence supported a need for support.

In the present case, the wife has surely shown need for support. She was out of employment; her certificate for teaching had expired; she had not used her stenographic employment for some 22 years.

It appears that the present case is more in point with the case of *Dowdell v. Dowdell*, Okl., 463 P.2d 948, in which the wife worked while the husband was obtaining his degree in college. She continued to work periodically until shortly before the trial; she helped with the support of the household, including placing her inheritance to help on the family budget.

In *Dowdell*, supra, the husband was found to have a net annual income of $39,500.00 and the trial court awarded

$150,000.00 as alimony to the wife, payable at the rate of $500.00 per month. On appeal to this Court, the award was affirmed.

After weighing the evidence and circumstances of the case, we are of the opinion that the award of the trial court of $84,000.00 in alimony at the rate of $700.00 per month is against the weight of the evidence and that the reduction by the Court of Appeals to $27,000.00 payable at a reduced sliding monthly rate is also against the weight of the evidence.

We are of the opinion and hold that the award of alimony should be reduced to $72,000.00 payable at the rate of $600.00 per month. These payments are to terminate upon the death or remarriage of appellee in accordance with the provisions of 12 O.S.1971 § 1289 as was provided in the judgment of the trial court.

■ We are further of the opinion and hold that the attorney fees awarded by the trial court to appellee's attorneys in the amount of $2,645.00 in addition to the amount of $500.00 already paid was proper.

We are of the further opinion and hold that the attorney fees pertaining to this appeal shall be paid by the respective parties hereto.

The decision of the Court of Appeals is vacated. The judgment of the trial court is affirmed as herein modified.

WILLIAMS, C. J., and IRWIN, BERRY, and LAVENDER, JJ., concur.

HODGES, V. C. J., and BARNES, SIMMS and DOOLIN, JJ., concur in part, dissent in part.

HODGES, Vice Chief Justice (concurring in part, dissenting in part) :

I agree with the majority opinion that the alimony award of the trial court in the amount of $84,000.00 was excessive and the reduction by the Court of Appeals to $27,000.00 was insufficient. I do believe, however, an award of $48,000.00 would be appropriate under the facts and circumstances presented in this case. I, therefore, dissent to that part of the majority opinion which grants an award of $72,000.-00 in alimony.

I am authorized to state that Justice BARNES concurs in the views herein expressed.

DOOLIN, Justice (concurring in part, dissenting in part).

I concur in the decision of the majority of this Court to vacate the opinion of the Court of Appeals. However, the majority in its quest for equity has committed the same error as the Court of Appeals and arbitrarily substituted its judgment for that of the trial court. I therefore dissent to that portion of the opinion that holds the award of alimony should be reduced from the $84,000 granted by trial court, raised from the $27,000 given by the Court of Appeals and set at $72,000.

The adumbral area of alimony awards is best left to the discretion of the trial court and although its decision is reversible on appeal, it should not be reversed absent an abuse of discretion. *Peters v. Peters,* 539 P.2d 26 (Okl.1975). An action for divorce is one of equitable cognizance and the judgment of the trial court as to alimony will not be disturbed on appeal unless clearly contrary to the weight of the evidence. *Creech v. Creech,* 292 P.2d 376 (Okl.1956).

I find no evidence the trial court abused its discretion and the award of $84,000 is not clearly against the weight of the evidence.

I would affirm the trial court.

I am authorized to state that Justice SIMMS concurs in the views herein expressed.