Teresa MOON, Appellant,

v.

Edwin F. ELLIS and Herbert
Rowland, Appellees.

No. 59487.

Court of Appeals of Oklahoma,
Division No. 1.

Jan. 24, 1984.

Released for Publication by Order of
Court of Appeals Feb. 24, 1984.

McCombs & Brock by Gary L. Brock,
Idabel, for appellant.

Stamper, Otis & Burrage by Mike Burrage, Antlers, Rogers, Honn, Hill, Secrest & McCormick by W. Michael Hill, Edwin R. Reavis, Tulsa, for appellees.

ROBINSON, Judge:

This case presents two issues: (1) whether Appellant, in her individual capacity, is entitled to bring this wrongful death action, and (2) whether Appellant, as personal representative, has the right to be substituted as individual plaintiff after the statute of limitations has run.

On October 5, 1981, Appellant, in her individual capacity, filed this cause of action against Appellees for the wrongful death of her mother, Juanita Pauline Wright. Appellant brought this suit exactly two years and one day after her mother's date of death, but within the two-year limitation provided in 12 O.S.1981 § 1053, as the last day of the time period fell on a Sunday. Mrs. Wright was not only survived by her daughter, Appellant, but by her spouse, Robert Wright.

Appellees filed demurrers arguing that Appellant lacked the capacity to bring this wrongful death action since she was neither the personal representative of her mother's estate nor the surviving spouse or next of kin.

Apparently attempting to remedy this defect, Appellant was appointed special ad-

ministrator of her mother's estate on May 17, 1982, some two years, five months, and twelve days after the date of her mother's death. Appellant then requested the trial court to substitute her as special administrator of the estate of Juanita Pauline Wright in place of her as individual plaintiff. Appellees argued that Appellant, as the personal representative, did not have the right to be substituted as plaintiff after the statute of limitations had run when Appellant, in her individual capacity, could not have brought the original wrongful death action.

The trial court, on November 19, 1982, issued its order of dismissal finding that Appellant, having filed her petition on the last possible day before the statute of limitations ran, was not the proper party to bring the cause of action under the statutes of Oklahoma, and further found the statute of limitations had run when Appellant was appointed personal representative and attempted to substitute party plaintiff. This appeal followed.

■ A wrongful death action is purely statutory and the action can only be brought by a person expressly authorized to do so. *Abel v. Tisdale*, 619 P.2d 608 (Okl.1980). Either the personal representative or the spouse is the proper party to bring an action for wrongful death. *H.L. Maness Truck Lines v. Lemmons*, 408 P.2d 288 (Okl.1965). 12 O.S.1981 § 1054 provides that if no personal representative is or has been appointed, then the widow, or where there is no widow, the next of kin, should bring the action. Appellant cites the case of *Gleason v. City of Oklahoma City*, 666 P.2d 786 (Okl.App.1983) in support of her contention that she is entitled to bring a wrongful death action in her individual capacity. However, that case does not deal with the question of who can bring a cause of action for wrongful death, but only differentiates between the proper party to bring the cause and the parties who have a beneficial interest in such action. The Court stated:

> It is undisputed that the administratrix is the proper party to prosecute the cause of action for wrongful death. Title 12 O.S.Supp.1978 § 1053. It is also undisputed that the widow and minor children each has a beneficial interest in a wrongful death cause of action.

We therefore hold that Appellant, in her individual capacity, cannot bring an action under 12 O.S.1981 § 1054 since she is neither surviving spouse nor next of kin.

■ Appellant argues, however, that after she was appointed personal representative she had the right to be substituted as plaintiff after the statute of limitations had run. 12 O.S.1981 § 1053 provides that a personal representative may maintain the action, but the action must be commenced within two years of the death:

> When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefore against the latter, or his personal representative, if he is also deceased, if the former might have maintained an action, had he lived, against the latter or his representative, for an injury for the same act or omission. This action must be commenced within two (2) years.

Appellant cites as authority for such substitution the cases of *Mostenbocker v. Shawnee Gas & Electric Co.*, 49 Okl. 304, 152 P. 82 (1915) and *M.K. & T. Railroad Co. v. Wulf*, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1912).

In *Mostenbocker*, the mother filed suit for the wrongful death of her son. The Court stated that the mother was a necessary and proper party and amendment adding the brothers and sisters as part of the next of kin did not have the effect of setting up a new and different cause of action. Therefore the amendment would relate back to the filing of the original petition so as to prevent the bar of the statute of limitations. Since the mother was a proper party to the original action, the amendment was not necessary to confer upon the Court jurisdiction of the suit.

The Court was faced with a similar situation in the case of *M.K. & T. Railroad Co.*

# 670

A mother commenced an action in her individual capacity for the death of her son and later amended her petition after the statute of limitations had run to show that the action was brought in her capacity as administratrix. Because the actions in both of the above cited cases were originally commenced by a proper party, they are distinguishable from the present case as Appellant was not a proper party to bring the original action since there was a surviving spouse.

In case of *Battle v. Mason,* 293 P.2d 324 (Okl.1955), a defective petition was filed in a will contest. Thereafter, contestant filed an amendment to the original petition after the statute of limitations had run which satisfied certain statutory requirements. The Supreme Court found that if the first petition was fatally defective, an amendment, after the statute of limitations had run, could not cure the defect. By failing to comply with the mandatory provisions of the statute, the original petition did not confer jurisdiction upon the court. The Court further stated:

> Since the jurisdiction of the court was not invoked by the petition filed and could not have been invoked by any petition filed thereafter, the court was without jurisdiction to authorize either of said amendments and the same had no effect in law.

We are of the opinion that the above quoted principal is analogous to the present situation. Appellant, when she filed her original petition herein, did not invoke the jurisdiction of the court as she was not the personal representative or surviving spouse. Because jurisdiction was not conferred originally, an amendment after the running of the period of limitation cannot confer such jurisdiction and cannot relate back to the filing of the original petition so as to prevent the bar of the statute. *See State ex rel. Jewish Hospital of St. Louis v. Buder,* 540 S.W.2d 100 (Mo.App.1976); *Maxson v. McElhinney,* 370 Pa. 622, 88 A.2d 747 (1952) (construing North Carolina law).

AFFIRMED.

YOUNG, P.J., and REYNOLDS, J., concur.