1998 OK CIV APP 185

Frank HERVEY, Jr., Jane Hervey, individually, and Jane Hervey, Executrix of the Estate of Frank Hervey, Sr., Deceased, Plaintiffs,

v.

Jack S. DYER and Jack Gilbert, individually, and as co-partners d/b/a Ward Real Estate Co., Unity Mortgage Company, Ward Insurance Company, and Dyer & Gilbert Enterprises, Defendants,

Sun Company, Inc. (R & M) and Texaco, Inc., Applicants/Appellants,

Stan P. Doyle, Receiver/Appellee.

No. 91,187.

Court of Civil Appeals of Oklahoma, Division No. 1.

Nov. 20, 1998.

John H. Tucker, Robert P. Redemann, Michael F. Smith, Richard E. Warzynski, Tulsa, for Appellants.

Steven M. Harris, Michael D. Davis, Tulsa, for Appellee.

Opinion by LARRY E. JOPLIN, J.

¶ 1  Sun Company, Inc. (R & M) and Texaco Inc. (Sun/Texaco) seek review of the trial court's order denying their application for leave to join Stan P. Doyle (Receiver) as a party defendant in Sun/Texaco's federal court action pursuant to the federal Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. 1981 § 9601 et seq., and granting judgment to Receiver.  In this appeal, Sun/Texaco assert the trial court erred (1) in finding Receiver acted within the scope of his authority when Receiver operated a certain landfill for "some time" without judicial authority;  and (2) in refusing to find CERCLA operates as a legal waiver of judicial immunity otherwise protecting receivers from liability for acts within the scope of their authority.  The matter stands submitted on the trial court record,[1] but having reviewed the record, we find no error as alleged, and hold the orders of the trial court should be affirmed.

¶ 2  In 1976, Plaintiffs Frank Hervey, Jr., Jane Hervey, individually and as Executrix of the Estate of Frank Hervey, Sr., Deceased (Plaintiffs), commenced the underlying action

1. Rule 13(h), Rules for District Courts, 12 O.S. Supp.1993, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp.1997, Ch. 15, App.

against Defendants Jack S. Dyer and Jack Gilbert, individually, and as co-partners (in Dyer and Gilbert's businesses) d/b/a Ward Real Estate Co., Unity Mortgage Company, Ward Insurance Company, and Dyer & Gilbert Enterprises (Defendants), seeking, *inter alia*, appointment of a receiver for Defendants' assets. On April 15, 1976, the trial court appointed Receiver, directing him to "take charge of all business affairs of" Defendants and "operate and manage the property, business and affairs of" Defendants, including continued operation of the Defendant/businesses.

¶ 3 Shortly after appointment, Receiver discovered one of Defendant Dyer's businesses, Compass Industries, Inc., (the Landfill), had been inadvertently omitted from the receivership. Accordingly, Receiver filed an application on April 23, 1976 to join the Landfill in the receivership. On that date, the trial court entered an order finding the Landfill "to be an integral part of the Defendant companies," granted Receiver's application, and Receiver took over operation of the Landfill.

¶ 4 On June 21, 1976, Receiver received notice from the Tulsa City–County Health Department directing him to cease operation of the Landfill pending receipt of a permit therefor. Receiver immediately sought leave of the trial court to continue the Landfill operations which the trial court granted on June 22, 1976, specifically finding no significant damage to the public health by operation of the Landfill and directing Receiver to continue the operations. Receiver complied, continuing to operate the Landfill under the trial court's direction for a short period of time.

¶ 5 In 1984, the Environmental Protection Agency targeted the Landfill as in need of remedial work, which Sun/Texaco undertook to perform. In 1994, Sun/Texaco commenced an action in the United States District Court for the Northern District of Oklahoma against several defendants, including Receiver, under CERCLA alleging release of hazardous substances at the Landfill before, during and after Receiver's tenure and seeking reimbursement of expenses incurred in the Landfill remediation. Receiver

objected, arguing CERCLA required Sun/Texaco to obtain permission from the trial court which appointed Receiver prior to joining Receiver in the federal action. The U.S. District Court agreed, finding it lacked jurisdiction over Receiver absent consent by the appointing court, and observing:

> If there is a question as to the propriety of the receiver's conduct and its consistency with the [order of the court appointing the receiver], that is for the appointing court to determine prior to any adjudication by another (particularly federal) court.

¶ 6 Sun/Texaco subsequently applied to the trial court for permission to join Receiver in their federal court action. Receiver objected, asserting immunity from CERCLA liability under the trial court's order appointing Receiver, and sought a summary adjudication of immunity from the trial court. On consideration of the parties' arguments, the trial court denied Sun/Texaco's application, granted judgment to Receiver, and Sun/Texaco appeal.

■ ¶ 7 In their first proposition, Sun/Texaco argue that Receiver enjoys no immunity from potential CERCLA liability, Receiver having operated the Landfill for approximately 2 months without court authority, and rendering Receiver thus subject to suit. The trial court's order of April 15, 1976 specifically finds "it is to the best interest of all parties concerned that a Receiver be immediately appointed to take charge of all the business affairs of the Defendant's assets, wherever located, . . . to handle same as the Receiver may deem fit," and specifically orders Receiver "to operate and manage the property, business and affairs" of the receivership estate. The trial court's order of April 23, 1976 specifically finds the Landfill to be properly a part of the Defendants' receivership assets and directs Receiver to take charge of and operate the Landfill. The trial court's order of June 22, 1976 specifically directs Receiver to continue operations of the Landfill despite the Tulsa City–County Health Department's cease and desist order. In denying Sun/Texaco's application to join Receiver, the trial court implicitly determined that Receiver operated the Landfill within the scope of his authority *ab initio*,

and we cannot say the trial court abused its discretion in so concluding.[2] *See, Holmes & Hibbard Mortg. Co. v. Ardmore Nat. Bank,* 48 Okla. 319, 150 P. 105 (1915) (Denial of petition of a secured creditor for leave to bring an independent foreclosure proceeding against a receiver in possession of the lien property, held not an abuse of discretion.)

¶ 8 We likewise find no abuse of discretion by the trial court in its determination that Receiver acted within the scope of his authority as receiver in the total operations of the Landfill. In this regard, the record includes Receiver's sworn statement that he at all times operated the Landfill within the scope of his authority and pursuant to the trial court's order for only a short time. Sun/Texaco, on the other hand, rely on statements in their pleadings and briefs below that Receiver committed various egregious, unethical, and illegal acts in operating the Landfill. However, a party may not rely on the allegations of his pleadings or the bald contention that facts exist to defeat a motion for summary judgment. *See, e.g., Zaragosa v. Oneok, Inc.,* 1984 OK CIV APP 53, 700 P.2d 662; *Culpepper v. Lloyd,* 1978 OK 90, 583 P.2d 500. Where one party moves for summary judgment and sets forth evidence which shows no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence which would justify trial on the issue. *American Nat'l. Bank & Trust Co. of Shawnee v. Clarke & Van Wagner,* 1984 OK CIV APP 37, 692 P.2d 61; *Stephens v. Yamaha Motor Co., Ltd., Japan,* 1981 OK 42, 627 P.2d 439. In the present case, Sun/Texaco totally failed to set forth any facts or evidence to justify trial on the issue of whether Receiver acted within the scope of his court-ordered authority in the operation of the Landfill, relying instead on argument and bald contentions that certain facts existed to defeat Receiver's motion for summary judgment. As the United States District Court properly noted, it is solely within the trial court's authority to determine the propriety of Receiver's conduct, a determination with which Sun/Texaco takes no issue. Accordingly, we find Sun/Texaco failed to meet their burden of presenting legally cognizable evidence justifying trial on this issue. We therefore reject this proposition.

¶ 9 Finally, Sun/Texaco assert CERCLA by its own terms waives assertion of the defense of judicial immunity, arguing because CERCLA does not specifically exempt receivers, CERCLA necessarily includes receivers within the class of persons or entities to which immunity does not attach. However, it is well recognized that a receiver appointed by and acting on behalf of the court shares the court's immunity from liability. *See, e.g., Henriksen v. Bentley,* 644 F.2d 852 (10th Cir.1981). Furthermore, Congressional intent to abrogate immunity from suit must be made "unmistakably clear in the language of the statute." *Hoffman v. Connecticut Department of Income Maintenance,* 492 U.S. 96, 101, 109 S.Ct. 2818, 106 L.Ed.2d 76 (1989).

¶ 10 The precise issue of a receiver's judicial immunity under CERCLA was addressed in *In re Sundance Corp., Inc.,* 149 B.R. 641 (E.D.Wash.1993). After an exhaustive analysis of the CERCLA provisions, the *Sundance* Court found:

CERCLA's lack of a clear waiver of a state's judicial immunity combined with the ambiguous nature of its definition of "person" means that a state's judiciary acting in its official capacity is not a "person" within the terms of CERCLA ... nor an "owner or operator" ... and thus is not liable under [CERCLA]. Further, state judicial immunity protects not only a state when invoking its judicial function but also the court's officers such as a receiver acting under the authority of judicial orders.

149 B.R. at 658.[3] We have likewise reviewed the language in CERCLA and agree with the

---

2. That Receiver sought leave of the trial court to continue operation of the Landfill upon receipt of the cease/desist order from the Tulsa City–County Health Department, does not, in our view, affect the scope of the Receiver's authority.

3. While Sun/Texaco would distinguish *Sundance* as *not* involving acts of a receiver allegedly *outside* the scope of his authority, we have previously affirmed the trial court's implicit determination that Receiver acted within the scope of his authority, and noted Sun/Texaco's failure to ad-

*Sundance* Court: Congressional intent to abrogate a receiver's judicial immunity from suit is not made "unmistakably clear in the language of the statute." Accordingly, we find Receiver protected by judicial immunity.

¶ 11 We consequently find the trial court's order denying Sun/Texaco's application to join receiver, and granting judgment to Receiver free of legal error and unaffected by abuse of discretion. Absent evidence revealing a controversy of material fact on the issue of Receiver's operation of the Landfill within the scope of his authority, and Receiver otherwise protected from potential liability by judicial immunity, we therefore conclude the order of the trial court denying Sun/Texaco's application and granting judgment to Receiver should be and hereby is therefore AFFIRMED.

JONES, V.C.J. and GARRETT, J., concur.

duce evidentiary materials supportive of the allegation that Receiver acted outside the scope of his authority.