2005 OK CIV APP 63

**Marsai BROADWAY, an Individual and as Personal Representative of Louise Taylor, deceased, Plaintiff/Appellant,**

v.

**PEAK MEDICAL OKLAHOMA NO. 5, a Delaware Corporation, d/b/a Mayfair Nursing Home and/or The Mayfair, Defendant/Appellee.**

**No. 100,683.**

Court of Civil Appeals of Oklahoma, Division No. 1.

June 24, 2005.

Ronald E. Doyle, Jack G. Zurawik, Pamela K. Morgan, Tulsa, OK, for Plaintiff/Appellant.

W. Michael Hill, Edward J. Main, E. Anthony Mareshie, Secrest, Hill & Butler, Tulsa, OK, for Defendant/Appellee.

Opinion by BAY MITCHELL, Judge.

¶ 1 Marsai Broadway, in her individual capacity and as Personal Representative of the Estate of Louise Taylor, filed a wrongful death action against Mayfair Nursing Home. Broadway alleged her grandmother, Louise Taylor, died as a result of neglect and/or abuse at the Mayfair Nursing Home, leading to multiple severe pressure ulcers, dehydration, malnutrition and contractures. Broadway asserted numerous causes of action including negligence, gross negligence, punitive damages, negligence per se for violations of Oklahoma and federal statutes, deceptive trade practices, third-party beneficiary claims, negligent hiring, retention and supervision, and breach of contract. Broadway filed the petition exactly two years after Taylor died.

¶ 2 In the petition, Broadway asserted she was "acting as the Personal Representative of the Estate of Louise Taylor," and filed both in her individual and her personal representative capacities. However, in discovery responses Broadway admitted no probate estate had ever been established for Taylor. Broadway also admitted Taylor was survived by one child, Martha Broadway. Based on this information, Nursing Home filed a Motion to Dismiss, arguing Broadway did not have standing to bring a wrongful death action pursuant to 12 O.S.2001 § 1053 or § 1054, because she was not the personal representative of Taylor's estate or her next of kin. In response, Broadway filed an affidavit from her mother, Martha Broadway, in which Martha waived her right to be personal representative and her right to any damages from the wrongful death action. Broadway also filed a copy of the petition she had filed to have herself appointed as personal representative of Taylor's estate. By the time Broadway asked to be appointed as personal representative, Taylor had been deceased almost three years. Based on this information, the trial court denied Nursing Home's Motion to Dismiss, and allowed Broadway to proceed in her individual capacity until she was appointed as personal representative.

¶ 3 Nursing Home then filed a Motion for Summary Judgment on all issues, arguing the statute of limitations had run as to all claims before Broadway was appointed as personal representative, and alternatively arguing all claims should be dismissed because the undisputed facts did not state a claim upon which relief could be granted. The trial court granted summary judgment on the breach of contract claim because it failed to state a claim upon which relief could be granted. The court also granted summary judgment as to all the remaining issues, finding they were barred by the applicable two-year statute of limitations. The evidence was undisputed that Broadway filed this action exactly two years after Taylor died, and had not been appointed personal representative of Taylor's estate and was not Taylor's next of kin on that date. The court held the statute of limitations had expired because Broadway did not have standing when she filed the petition, and her later appointment as personal representative did not relate back.

¶ 4 Broadway moved for reconsideration of the award of summary judgment on three grounds: 1) the court's ruling that her claims were barred by the statute of limitations was erroneous because her appointment as personal representative should relate back to her original petition; 2) the court had no authority to reconsider its order denying Nursing Home's motion to dismiss because that order was *res judicata;* and 3) the statute of limitation should be tolled because Taylor was under a legal disability before she died. The trial court denied Broadway's motion for reconsideration, and Broadway appeals from this order.

¶ 5 Broadway's motion for reconsideration is treated as a motion for a new trial because she did not plead or prove any facts that would bring the motion within the specific grounds needed to justify a motion to vacate or modify. *Peabody Coal Co. v. State ex rel. Comm'rs of Land Office,* 1992 OK CIV APP 83, ¶ 7, 884 P.2d 857, 859. We review a denial of a motion for a new trial only for an abuse of discretion. *Head v. McCracken,*

2004 OK 84, ¶ 2, 102 P.3d 670, 673. However, because the correctness of the trial court's denial of the motion for a new trial depends on the propriety of the underlying grant of summary judgment, we must determine whether that decision was proper. *Id.,* ¶ 2, 102 P.3d at 673–74. An appellate court reviews an award of summary judgment *de novo,* giving no deference to the trial court's decision. *Id.,* ¶ 3, 102 P.3d at 674. After reviewing the entire record, we find the court erred as a matter of law by granting summary judgment on the basis that Broadway's appointment as personal representative could not relate back to her original filing of the wrongful death action.

■ ¶ 6 A wrongful death claim must be maintained by a personal representative if one has been appointed. 12 O.S.2001 § 1053(A). When no personal representative has been appointed, 12 O.S.2001 § 1054 allows the wrongful death action to be brought by the widow, or if there is no widow, by the next of kin of the deceased. The evidence was undisputed that Broadway filed the action on the last day of the two-year statute of limitations. 12 O.S.2001 § 1053(A). The evidence was also undisputed that Broadway was not Taylor's next of kin when she filed the petition, because Taylor was also survived by her daughter, Martha Broadway. Further, Broadway was not appointed the personal representative of Taylor's estate until almost a year later.

¶ 7 According to the trial court and the argument of Nursing Home, Broadway's appointment as personal representative could relate back to her original filing date under Oklahoma law only if she was one of the people identified in § 1053 or § 1054 as able to bring a wrongful death action, *i.e.,* a personal representative, the spouse of the deceased, or the next of kin. They rely on the following statement from *Weeks v. Cessna Aircraft Co.,* 1994 OK CIV APP 171, ¶ 15, 895 P.2d 731, 735, an opinion approved for publication by the Supreme Court:

[w]e do not believe that administrative requirements for filing a wrongful death action should override the substantive right of recovery of potential beneficiaries. In the spirit of the Oklahoma Pleading Code

and the Federal Rules of Civil Procedure, we believe that the interpretation of the statute with regard to substitution of parties should emphasize substance over form. Therefore, we hold that *timely filing by any of the enumerated partes "who may sue" will properly commence a wrongful death action.* If it transpires that the person who filed did not have the preeminent right to prosecute the action, that person should be substituted by the real party in interest, according to 12 O.S.1991 § 2017, so as to prevent multiplicity of actions.

(emphasis added). In *Weeks,* the mother of the deceased had commenced a wrongful death action even though a special administratrix had been appointed for the estate. The trial court dismissed the action and refused to allow the special administratrix to substitute as the real party in interest. *Id.,* ¶¶ 1–2, 895 P.2d at 732. The Court of Appeals held the trial court erred in not allowing the substitution of the administratrix, which would relate back to the timely filed petition of the matter. *Id.,* ¶ 19, 895 P.2d at 735. *Weeks* emphasized the list of parties in the wrongful death statute is merely administrative to prevent the threat to the defendant of multiple suits, and timely filing by any person *in that list* is sufficient to preserve the statute of limitations. *Id.,* ¶ 14, 895 P.2d at 734. Here, Nursing Home focuses on the language that substitution and relation back are allowed only when the suit is filed by a party who is an enumerated party under the wrongful death statute. They distinguish the present case, where Broadway was not one of the enumerated parties because she was neither the personal representative, spouse, nor the next of kin when she filed the action.

¶ 8 The same technical reading of § 1053 and § 1054 was adopted by the Court of Civil Appeals in *Moon v. Ellis,* 1984 OK CIV APP 5, 677 P.2d 668. In *Moon,* facts nearly identical to those in this case existed, because a daughter filed a wrongful death action for the death of her mother, even though her mother was survived by a spouse. *Id.,* ¶ 2, 677 P.2d at 668. The court pointed out that when she filed the action, the daughter was neither the personal representative nor her

mother's next of kin. *Id.,* ¶ 3, 677 P.2d at 668. The daughter filed the action on the last day of the two-year statute of limitations, and was not appointed special administrator until approximately five months after the statute of limitations had run. *Id.,* ¶¶ 2, 4, 677 P.2d at 668-69. The daughter then asked the court to substitute her as special administrator in place of her status as individual plaintiff. *Id.,* ¶ 4, 677 P.2d at 669. Both the trial court and the Court of Civil Appeals determined the case should be dismissed on statute of limitations grounds because daughter was not a proper party to bring the action under the wrongful death statutes when she filed the action on the day before the statute of limitations ran and the action could not relate back because there was no jurisdiction invoked when the original petition was filed. *Id.,* ¶ 11, 677 P.2d at 670. This is precisely the argument pressed by Mayfair Nursing Home and accepted by the trial court in this case. *However, this argument and the Moon case have been expressly rejected by the Oklahoma Supreme Court.*

¶ 9 In *Calvert v. Tulsa Public Schools, Independent School District No. 1 of Tulsa County,* 1996 OK 106, ¶ 10, 932 P.2d 1087, 1090, *superceded by statute on other grounds,* the Supreme Court held parents of a deceased child suing a school under the Governmental Tort Claims Act could amend their petition to show their status as personal representatives after the statute of limitations had run. Significantly, the Court considered and *specifically rejected* the holding and reasoning of the *Moon* case, *supra. Id.,* ¶ 9, 932 P.2d at 1090. The Court pointed out that because the *Moon* decision "failed to consider the purpose behind notice requirements [for the relation back doctrine], opting instead to rely on a hypertechnical construction of statutes, we decline to follow its reasoning." *Id.,* ¶ 9, 932 P.2d at 1089. The Court also pointed out that *Moon* was decided prior to the enactment of 12 O.S.2001 § 2017, which encourages the liberal substitution of parties.[1] *Id.* The Court held that *Moon* was not "consistent with our current

practice." *Id.,* ¶ 9, 932 P.2d at 1090. It is clear the construction of the wrongful death statute that would prevent substitution of a personal representative and relation back of a filing on the sole basis that the filing was not commenced by one of the enumerated parties in the wrongful death statute conflicts with *Calvert, supra* and the liberal substitution requirements in § 2017.

¶ 10 Thus, we hold the trial court erred in granting summary judgment based on the running of the statute of limitations. Even though Broadway was not one of the enumerated parties, her timely filing put Nursing Home on notice of the action and her substitution as personal representative is *permissible* under § 2017 and relates back to the original filing. We emphasize, however, that we only hold summary judgment was improper; we do not hold substitution is *required* in this case. Nursing Home raised questions of fact regarding whether Broadway originally filed the petition as personal representative in error or intentionally misrepresented her status to the court and to Nursing Home to avoid the statute of limitations bar. Substitution of parties is liberally granted pursuant to 12 O.S.2001 § 2017 "where mistake or inadvertent error has caused the improper party to file an action." *Weeks,* ¶ 7, 895 P.2d at 733; *see also Estate of Mills v. Trizec Properties,* 965 F.2d 113, 114-15 (6th Cir.1992) (material facts regarding whether plaintiff acted in good faith and had reasonable belief that she possessed authority to pursue wrongful death action precluded summary judgment on statute of limitations issue). This opinion does not foreclose this issue from being considered on remand.

¶ 11 The trial court also awarded summary judgment on Broadway's breach of contract claim. Broadway waived appellate review of this issue by failing to raise the issue in her motion for reconsideration. 12 O.S.2001 § 991(b). We thus affirm the trial court's award of summary judgment on this issue.

1. 12 O.S.2001 § 2017(A) provides that every action must be prosecuted in the name of the real party in interest, and no action shall be dismissed on that ground until a reasonable time is allowed after objection for substitution of the real party, which "shall have the same effect as if the action had been commenced in the name of the real party in interest."

¶ 12 For these reasons, we affirm the award of summary judgment on the breach of contract claim, reverse the award of summary judgment on the remaining claims, and remand for further proceedings consistent herewith.

¶ 13 AFFIRMED IN PART; REVERSED IN PART AND REMANDED.

ADAMS, P.J., and HANSEN, J. (sitting by designation), concur.