2011 OK CIV APP 64

Sandra GURLEY–RODGERS,
Plaintiff/Appellant,

v.

BROOKHAVEN WEST CONDOMINIUM OWNERS' ASSOCIATION, INC., an Oklahoma Corporation, Defendant/Appellee,

and

John Doe and Jane Doe, in their individual and personal capacities, Members of the Brookhaven Board of Directors, Defendants.

No. 107,677.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 28, 2011.

Rehearing Denied March 4, 2011.

Certiorari Denied May 9, 2011.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Collier H. Pate, Pate & Knarr, PC, Oklahoma City, Oklahoma, for Defendant/Appellee.

BAY MITCHELL, Presiding Judge.

¶1 Sandra Gurley–Rodgers, Plaintiff/Appellant ("Owner"), seeks review of an order granting Defendant/Appellee ("Association") Brookhaven West Condominium Owners' Association, Inc.'s Motion for Summary Judgment.[1] Owner additionally seeks review of the trial court's denial of her Motion for New Trial[2] and award of prevailing party attorney fees and costs.

---

1. This order included an express determination that there was no just reason for delay in entry of the judgment as a final order pursuant to 12 O.S.2001 § 994(A).

2. Because Owner filed a motion for new trial, which was denied, she is prohibited from raising new allegations of error on appeal that were

¶ 2 The Owner of property described as Unit B–2 of the Brookhaven West Condominiums brought an action against Association (the entity that governs the administration of the covenants and by-laws applicable to unit owners) alleging breach of contract for the alleged failure of Association to make certain repairs to Owner's unit, failure to allow access to financial books and records, and unlawful collection of association dues. Association filed a "Cross Petition," claiming Owner was indebted to Association for unpaid dues and seeking foreclosure of its lien (pursuant to Association's by-laws) upon Owner's unit to satisfy the lien. On the date the case was set for jury trial, Owner voluntarily dismissed her claims against Association. Association thereafter filed a Motion for Summary Judgment on its Cross Petition.

¶ 3 Evidentiary materials attached to Association's Motion for Summary Judgment include the affidavit of Linda Kay Pomeroy, the Treasurer of Association. The Treasurer's affidavit provided that Owner's unit "is subject to the Declaration of Covenants Conditions and Restrictions and the By-laws of the [Association]" and that such "documents provide for the assessment of certain fees and assessments against the owners of the units, including Unit B–2." The Treasurer's affidavit further provided that her review of Association records reveals Owner has not paid the assessments and dues since June, 2004 and that Owner owes the Association $14,317.86 through May, 2009.[3] Finally, the Treasurer attested that "[t]he By-laws of Brookhaven provide for a lien on the unit B–2 for unpaid amounts . . . ."

¶ 4 Owner filed an Objection to the summary judgment motion, which included her own affidavit and portions of her own deposition testimony, wherein she admitted she had not paid Association dues since June 2004, but denied that she owed them. She claimed the Association failed to make neces-sary repairs and refused to allow her to review Association financial records that would show how its funds from dues and assessments were being spent. Owner describes these actions (or non actions) as a failure of consideration for the original contract (the "Declaration of Covenants Conditions and Restrictions and the By-laws") (hereafter, "Covenants") which results in a rescission of that contract. She argues this rescission justified her refusal to pay the dues and assessments she was otherwise obligated to pay.[4]

¶ 5 Ultimately, the trial court granted summary judgment, finding Owner in default of her obligation to pay dues to Association in the amount of $14,317.86, which entitled Association to a lien on the unit and judgment foreclosing the lien for the amount owed. The trial court ordered Owner's unit be sold to satisfy the judgment.

¶ 6 The appellate standard of review of a trial court's grant of summary judgment is *de novo.* *Kirkpatrick v. Chrysler Corp.,* 1996 OK 136, 920 P.2d 122. This Court will examine the pleadings and evidentiary materials submitted by the parties to determine if there is a genuine issue of material fact. *Ross v. City of Shawnee,* 1984 OK 43, ¶ 7, 683 P.2d 535, 536. All inferences and conclusions to be drawn from the evidentiary materials must be viewed in the light most favorable to the non-moving party. *Id.* Additionally, we review a denial of a motion for a new trial for an abuse of discretion. *Broadway v. Peak Medical Oklahoma No. 5,* 2005 OK CIV APP 63, ¶ 5, 120 P.3d 872, 873.

■ ¶ 7 The only serious challenge to Association's Motion for Summary Judgment is whether Owner's obligation to pay the dues and assessments has been legally relieved by Association's breach/failure of consideration/rescission of the contract. Owner of-

available at the time of filing the motion. 12 O.S.2001 § 991(b).

3. An accounting ledger is attached as an exhibit to the affidavit, which specifically attests the accounting to be "true and correct."

4. Of the "undisputed material facts" set out in Association's Motion for Summary Judgment, Owner only took issue with No.'s 6 and 8, wherein she denied owing the dues and assessments claimed by Association. Among the facts "deemed admitted" for purposes of the summary judgment motion, was that Association was entitled to a lien on Owner's unit for the unpaid assessments and dues.

fers no evidence controverting other facts establishing her liability.

¶ 8 Where the movant presents evidence in a summary judgment motion showing no controversy as to material facts, the burden of proof shifts to the opposing party to present evidence justifying trial on the issue. *Hervey v. Dyer*, 1998 OK CIV APP 185, ¶ 8, 972 P.2d 42, 45; *see Lowery v. Echostar*, 2007 OK 38, ¶ 16, 160 P.3d 959, 965 (party opposing motion for summary judgment that is adequately supported must respond with evidentiary material demonstrating actual dispute and need for trial); *see* Rule 13(b), Rules for District Courts of Oklahoma, 12 O.S. Ch.2, App. Further, "[a] party resisting a motion for summary judgment may not rely on allegations of its pleadings or bald contentions that facts exist to defeat the motion for summary judgment." *Roberson v. Waltner*, 2005 OK CIV APP 15, ¶ 8, 108 P.3d 567, 569; *see Abibo v. Sunset Mortg. Co.*, 2007 OK CIV APP 17, ¶ 19, 154 P.3d 715, 719 (self-serving affidavit fails to raise a question of fact in opposition to motion for summary judgment).

¶ 9 Here, Owner cited general statutory and case law regarding failure of consideration and rescission. But what is *absent* from the Record, and necessary for consideration of *Owner's* legal theory, is the Declaration of Covenants, *etc.*, the contractual agreement that forms the basis for Owner's theory.[5] We cannot tell whether it supports Owner's theory that there was a breach, a failure of consideration and a rescission which might excuse the nonpayment of dues and assessments. Owner's response fails to meet the requirement in Rule 13(b) that it be "supported by acceptable evidentiary material." Given this absence of evidence, it is undisputed that Owner owes Association $14,317.86. This Court's *de novo* review of the record supports the trial court's grant of summary judgment and its denial of the motion for new trial.

¶ 10 Following an evidentiary hearing, the trial court awarded Association $7,825 in attorney fees plus costs in the amount of $100. Owner does not challenge Association's *right* to recover its fees and costs; rather, it challenges the reasonableness of the amount awarded.[6] We review a trial court's attorney fees award for abuse of discretion.[7] *Spencer v. Oklahoma Gas & Elec. Co.*, 2007 OK 76, ¶ 13, 171 P.3d 890, 895.

¶ 11 It is the duty of the trial court "to fix the attorney's fee award at an amount determined to be reasonable." *Dobry v. Dobry*, 1950 OK 180, 203 Okla. 327, 220 P.2d 698 (Syllabus by the Court, #2). Association sought, and presented evidence supporting, attorney fees of $13,065. Owner argued the fees request was unreasonable in that it included time spent for unnecessary work and that it bore no reasonable relationship to the judgment and result obtained by Association. It appears the trial court agreed with Owner and only awarded Association approximately 60% of the fees it sought.

¶ 12 Although Owner argues generally that the attorney fee award was unreasonable, she does not contend that the trial court failed to apply the factors set forth in *State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659. Further, there is no transcript of the attorney fees hearing nor is there any *evidence* in the record controverting that of the Association or otherwise challenging the reasonableness of the fees requested. We will not presume error on appeal. *Fleck v. Fleck*, 2004 OK 39, ¶ 12, 99 P.3d 238, 240–41. *See Been v. Been*, 2007 OK CIV APP 31, 158 P.3d 491 (appellant has burden of producing a sufficient record and

---

5.   The Covenants were not required for the granting of Association's Motion for Summary Judgment. That Motion, and the facts asserted therein, was adequately supported by the affidavit of its Treasurer and the other evidentiary materials attached thereto, which were not controverted.

6.   Owner stipulated that the $150 hourly rate requested by Association's counsel was a reasonable hourly rate and that the billing entries "fairly represents the time expended."

7.   Abuse of discretion exists when it is "... found that the trial judge made a clearly erroneous conclusion, and judgment, against reason and evidence." *Green Bay Packaging, Inc. v. Preferred Packaging, Inc.* 1996 OK 121, ¶ 32, 932 P.2d 1091; *Broadwater v. Courtney*, 1991 OK 39, ¶ 7, 809 P.2d 1310, 1312 (Okla.1991).

applicable law to demonstrate error, because error is not presumed). Owner has failed to demonstrate an abuse of discretion, and from the record before us we discern none.

¶ 13 AFFIRMED.

BUETTNER, J., concurs.

JOPLIN, J., dissenting.

¶ 14 In this case, a homeowner's association seeks to invoke the legal remedies of a judgment lien, foreclosure of that lien, sale of Appellant's home and attorney's fees. All of these remedies are purportedly granted in the Declaration of Covenants, Conditions and Restrictions and By-laws of the Association.

¶ 15 Yet, neither the Association's attorney, the trial court, nor the majority of this Court seem troubled by the fact that summary judgment was granted to the Association without the Declaration of Covenants, Conditions and Restrictions ever being submitted as evidentiary materials or reviewed by any court.

¶ 16 It seems to me that granting this judgment by rumor constitutes a pure error of law and I would reverse.